UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | No. 20-cv-1469 (DLF) |

### ORDER

Before the Court is the plaintiffs' Motion for Limited Early Discovery pursuant to Federal Rule of Civil Procedure 26(d)(1). Dkt. 27. The plaintiffs seek early discovery in aid of their efforts to "identify the Defendants who are listed in the Second Amended Complaint as 'John Doe' and other similar fictitious names because their identities are unknown." *Id.* at 1. The proposed discovery would consist of a set of four interrogatories and five requests for production of documents including, among other things, lists of those officers who were at the scene of the incident, those who were equipped with certain weapons, and those who used or discharged such weapons. *See id.* at 9–10.

Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). "As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery . . . to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Landwehr v. FDIC*, 282 F.R.D. 1, 3 (D.D.C. 2010) (internal quotation marks omitted). Courts in this district employ a "good

1

cause" standard when evaluating motions for expedited discovery.  *See, e.g.*, *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97–98 (D.D.C. 2014).  In applying this standard, courts typically consider five factors: "'(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'"  *Id.* at 98 (quoting *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 142–43 (D.D.C. 2005)).

Two of the factors weigh straightforwardly against the plaintiffs.  First, no preliminary injunction is pending, *see id.*, so any urgency typically associated with that extraordinary form of relief is inapplicable here.  Second, the plaintiffs made this request immediately after filing their Second Amended Complaint—not only prior to any Rule 26(f) conference, but also prior to the defendants having any opportunity to answer any of their complaints or to file any motions to dismiss—and therefore "well in advance of typical discovery."  *Landwehr*, 282 F.R.D. at 4.  While far from dispositive, the unusually early timing of this request for discovery weighs against the plaintiffs.  *See Guttenberg*, 26 F. Supp. 3d at 99.

Two of the other factors—"the breadth of the discovery requests" and "the burden on the defendants to comply with the requests," *id.* at 98—also weigh against the plaintiffs' motion, although less heavily.  Some of the proposed discovery—such as the lists of officers equipped with certain weapons and the lists of officers who used or discharged such weapons during the incident—overlaps considerably with the merits of the plaintiffs' claims.  Moreover, provision of this sort of highly sensitive law enforcement information implicates core institutional interests of the organizations affected as well as substantial privacy interests of the individual officers who are the subjects of the requests, and would therefore almost certainly

2

require a protective order.  The nature and volume of the discovery sought undeniably would impose significant burdens on the defendants in terms of refining the details of the requests, negotiating the appropriate protective order, and obtaining and providing the required information.  For these reasons, the breadth of the discovery requests and the associated burdens weigh against granting them.

The plaintiffs' "purpose for requesting the expedited discovery," *id.*, cuts both ways, but ultimately this factor, too, weighs against the plaintiffs.  The plaintiffs seek discovery that will aid them in identifying and serving various defendants whose identities are unknown, and courts sometimes grant early discovery to identify "Doe" defendants.  *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2020 WL 3967836, at *8 (D.C. Cir. July 14, 2020).[1]  But the Court interprets this factor to require some justification for requesting *expedited* discovery, as opposed to seeking such information in accordance with an ordinary litigation timeline.  *See, e.g.*, *Attkisson v. Holder*, 113 F. Supp. 3d 156, 164 (D.D.C. 2015) ("If there is no urgency in conducting discovery, . . . this factor weighs against granting expedited discovery.").  Under the circumstances of this case, with several named defendants eager to file motions to dismiss, the plaintiffs have not shown convincingly why they must obtain the identifying information *now*, as opposed to several months from now after the Court has resolved an initial round of dispositive motions.

The plaintiffs advance two principal arguments for allowing this discovery at this unusually early juncture in the litigation.  First, they argue that the "Doe" defendants should be

---

[1] The Court notes, however, that several of the examples cited by the plaintiffs occurred in the context of lawsuits against *only* "Doe" defendants.  *E.g.*, *Warner Bros. Records v. Does 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) (granting early discovery where "litigation cannot go forward without the true identities of the defendants"); *Laface Records LLC v. John Does 1-51*, No. 08-cv-1569, 2008 WL 4517178, at *1 (D.D.C. Oct. 6, 2008) ("Defendants must be identified before this suit can progress further").  Here, by contrast, the plaintiffs have already served several named defendants.

3

identified and served as soon as possible so that they can advance any arguments related to their own particular circumstances alongside the other defendants, and the Court can avoid the inefficiency of a duplicative second round of motions to dismiss.  Given the nature of the permissible arguments at the motion-to-dismiss stage, however, the Court anticipates that most of the legal arguments relevant to the "Doe" defendants will apply to the named defendants too, and that the resolution of the first round of motions is likely to provide helpful if not comprehensive guidance for any potential second round.  Moreover, to the extent that the "Doe" defendants have unique arguments for dismissal of the claims against them, the Court would have to consider those arguments separately anyway.  The time lag involved with doing so at a later juncture would therefore entail only minimal inefficiency.

Second, the plaintiffs point to two sets of deadlines that they believe support the urgency of this discovery: first, the deadline for service of process of the "Doe" defendants; and second, the one-year statute of limitations for the claims that they have alleged against these defendants under 42 U.S.C. § 1986.  The plaintiffs' concerns regarding service of process are "mitigated because this Court has discretion to extend the deadline for completing service of process upon a showing of good cause."  *Attkisson*, 113 F. Supp. 3d at 165; *see* Fed. R. Civ. P. 4(m).  The Court also intends to resolve the named defendants' motions to dismiss expeditiously and set a discovery schedule that affords the plaintiffs ample time to obtain the identifying information they seek, well before the statute of limitations under section 1986 expires.  And should any unforeseen circumstances arise in the months to come, the Court reserves the right to reconsider a request for early discovery at that time.

The plaintiffs are entitled to discovery that will aid them in identifying and serving the "Doe" defendants in this case.  The question presently before the Court, however, is whether

4

they are entitled to that discovery *now*, prior to the normal juncture at which they would receive it.  The Court is cognizant of the time pressures the plaintiffs face in obtaining this information and will oversee the coming stages of this litigation with those pressures in mind.  Nevertheless, the Court concludes that there is not good cause for the plaintiffs to seek this discovery now, prior to the resolution of the named defendants' motions to dismiss.  Accordingly, it is

  **ORDERED** that the plaintiffs' Motion for Limited Early Discovery, Dkt. 27, is **DENIED**. It is further

  **ORDERED** that the parties shall submit a joint status report, on or before September 2, 2020, proposing a schedule for further proceedings in this case.

August 19, 2020

DABNEY L. FRIEDRICH
United States District Judge