UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLACK LIVES MATTER D.C., et al.,

    *Plaintiffs*,

  v.

DONALD J. TRUMP, et al.

    *Defendants*.

Case No. 1:20-cv-01469-DLF

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Plaintiffs hereby move, pursuant to Fed. R. Civ. P. 15(a)(2), for leave to amend their complaint to add the true names (or other identifying information) of recently identified law enforcement officers—members of the category of defendants named in the complaint as John Does, John Poes, and John Roes—along with a few other clarifying changes. The federal defendants (official and individual) specifically named in the Second Amended Complaint take no position on this motion and will not file papers in opposition. They note that they cannot speak for any potential defendants sought to be named. The District of Columbia defendants likewise take no position on the motion.

The officers Plaintiffs seek to name were involved in the June 1 attack on peaceful demonstrators who had gathered in Lafayette Square Park to protest government violence against Black people and systemic racism. In light of the court's order denying early Doe discovery, ECF 46, and Plaintiffs' recent identification of some of the officers they seek to name as defendants, Plaintiffs seek leave to amend their complaint to name the now-known pseudonymous defendants.

Plaintiffs filed this action on June 4 alleging violations of the First and Fourth Amendments and conspiracy to violate civil rights. Plaintiffs filed an amended complaint on June 9 to add class

1

action allegations and an additional category of defendant officers that Plaintiffs had newly learned were involved in the violation of their rights. On July 8, Plaintiffs moved for leave to file a second amended complaint to add new allegations against another set of defendants, additional claims under 42 U.S.C. § 1983, and two additional plaintiffs. The Court granted leave to amend on August 5. The same day, Plaintiffs moved for leave to conduct limited early discovery to obtain information to identify "John Doe" (and other pseudonymously named) Defendants; Plaintiffs' reasons for seeking discovery included efficiency, complying with service deadlines, and avoiding running up against a statute of limitations. The Court denied Plaintiffs' motion on August 19, ECF 46, explaining (among other reasons) that there was no pending preliminary injunction, the Court could extend service deadlines for good cause, and the Court could oversee sufficiently expeditious scheduling to avoid statute of limitations problems. By Minute Order of August 24, the Court also directed the Plaintiffs to file any motion to amend the complaint by September 1.

Complying with that deadline, Plaintiffs now seek to amend their complaint to add the names (or other identifying information) of 22 formerly "John Doe" (and otherwise pseudonymous) Defendants that Plaintiffs have been able to identify over the course of the past two weeks.[*] Among these Defendants are the U.S. Park Police incident commander, officers who beat or fired chemical irritants at Plaintiffs or members of the Plaintiff class, and others involved in the attack on Plaintiffs and other demonstrators.

Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave" to amend a complaint "when justice so requires." In this Court, "[w]ithout a reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[*] Plaintiffs anticipate identifying additional currently-pseudonymous defendants, both through their own efforts and through discovery, and therefore filing at least one additional motion to amend their complaint in the future.

previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.,' the leave should be given." *Des Longchamps v. Allstate Property & Casualty Ins. Co.*, 38 F. Supp. 3d 39, 43 (D.D.C. 2014) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Moreover, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182.

One such instance where "justice so requires" permitting amendment is the naming of "John Doe" defendants, as the D.C. Circuit and this Court have repeatedly recognized. *See Sinclair v. Kliendienst*, 645 F.2d 1080, 1085 (D.C. Cir. 1980) (reversing denial of leave to amend to substitute three F.B.I. agents for "John Doe" defendants in the initial complaint); *Sanders v. District of Columbia*, 601 F. Supp. 2d 97, 98–99, 101 (D.D.C. 2009) (granting plaintiff leave to amend his complaint to substitute named defendants for "John Doe"); *Olaniyi v. District of Columbia*, No. 05-455, 2006 WL 8447858, at *1 (D.D.C. Nov. 10, 2006) (same); *Saunders v. District of Columbia*, No. 88-3296-OG, 1989 U.S. Dist. LEXIS 6890, at *3 (D.D.C. June 20, 1989) (same).

The fact that Plaintiffs have uncovered names or other identifying numbers of defendants only recently, further supports a request to amend to add previously unidentified defendants. *See Wallace v. City of Fresno*, No. 1:19-cv-01199, 2020 WL 3429894, at *2 (E.D. Cal. June 23, 2020). There was no undue delay in identifying the unnamed law enforcement defendants. *Cf. Bame v. Dillard*, No. 05-1833, 2018 WL 11515525, at *2–3 (D.D.C. Mar. 28, 2008) (denying plaintiff's motion for leave to amend with respect to naming individual Deputy Marshals as the previously identified Doe defendants where the statute of limitations had run, plaintiffs delayed filing their action for three years, and plaintiffs "offered no reason for failing to institute this action years

earlier"). Since the June 1 attack on the Lafayette Square demonstrators, Plaintiffs have been diligently collecting and reviewing records from witnesses and the public domain to attempt to identify the officers involved. Plaintiffs have worked to the best of their ability to devote time and resources to obtain and review records, but this work is both hard and time-consuming. A large team needed to be assembled to sort through and review all of this material, which included more than 200 individual videos. Many of the videos needed to be analyzed closely and watched repeatedly and at slow speeds due to shaky images resulting from demonstrators' flight from violent law enforcement tactics. Many of the law enforcement officers do not have clearly visible identifying information. For example, U.S. Park Police identifying numbers are on the *backs* of their helmets, and demonstrators' video footage rarely captures the backs of law enforcement officers.  Because the identities Plaintiffs have been able to ascertain were all discovered recently (most in the past week), failure to name these officers in an earlier complaint does not constitute "undue delay." *See Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 311 (D.D.C. 2003) (no "undue delay" where amendment was based on "recently discovered" facts); *accord Naegele v. Albers*, No. CV 03-2507, 2012 WL 13071242, at *2 (D.D.C. Mar. 9, 2012); *see also Wallace*, 2020 WL at *2.

      Further, granting Plaintiffs' motion for leave to amend will not prejudice Defendants because the litigation is still in a very early stage. *See Anderson*, 218 F.R.D. at 311 (fact that "case is in the early stages of litigation" contributed to finding of no prejudice); *accord Ass'n of Admin. Law Judges v. U.S. Office of Pers. Mgmt.*, 533 F. Supp. 2d 155, 159 (D.D.C. 2008); *see also T. Weston, Inc. v. Mineral County*, No. 2:04CV56, 2007 WL 3231596, at *2 (N.D.W.V. Oct. 31, 2007) (granting leave to amend complaint to reflect true names of John Does where "the Court finds no prejudice to Defendant from the proposed amendments" as "[t]here is not even a trial date

set in this matter" and "Defendants were most likely aware of the names of the two John Doe's [sic] even before Plaintiff was."). No response has been filed to the Second Amended Complaint, and the only briefing in the case was on the motion for early discovery. Of note, the current Defendants do not claim prejudice or otherwise take a position on this motion.

It is in the interest of justice to amend the complaint to better reflect the facts currently known rather than excluding these newly identified officers simply because they were unknown based on the best information known to counsel at the time of the prior filing. That is the result most consistent with the Supreme Court's longstanding view that the Rules of Civil Procedure are designed to enable Plaintiffs to test their claims on the merits. *Foman,* 371 U.S. at 182.

As the Court is aware, there is also a tight statute of limitations on one of Plaintiffs' claims against the pseudonymous Defendants. The Court has acknowledged this deadline and has indicated that it will adjudicate the matter with it in mind. *See* ECF 46 at 4. Plaintiffs are grateful for the Court's understanding on this matter, but some aspects of this litigation might be governed by procedural rules beyond the Court's control, such as an individual Defendant's decision to take an interlocutory appeal from a denial of qualified immunity (as Defendant Barr has already suggested he is likely to do). Accordingly, it is appropriate to permit amendment now to add the defendants that Plaintiffs have been able to identify thus far.

Finally, the handful of proposed changes to the complaint that are not related to naming additional Defendants include rewordings of allegations for precision or clarity (such as more precise formulations of the involvement of various Defendants and a specification of the Defendants against whom injunctive relief is sought) and the addition of a few statements that make more explicit certain facts that were not as clearly stated as they could have been previously but which could have been inferred from the earlier versions of the complaint. None of these

amendments expands the type of relief sought; in fact, regarding the clarification of injunctive relief, the amendments function to *narrow* the relief by specifying the defendants against whom that form of relief is sought and eliminating the implication that it is sought against every defendant. Amendments that are merely "technical" or "clarify legal theories" should, absent prejudice, be allowed. *See, e.g., Clark v. Feder Semo & Bard, P.C.*, 560 F. Supp. 2d 1, 5 (D.D.C. 2008).

Attached to this motion are a redline version of the proposed Third Amended Complaint showing changes from the prior Second Amended Complaint and a clean copy of the proposed Third Amended Complaint, along with a proposed order.

For these reasons, the motion to amend should be granted and the proposed amended complaint filed herewith should be docketed as the Third Amended Complaint.

September 1, 2020

Respectfully submitted,

/s/ Scott Michelman
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 1601047)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
OF THE DISTRICT OF COLUMBIA
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
smichelman@acludc.org
aspitzer@acludc.org
mperloff@acludc.org

Kaitlin Banner (D.C. Bar No. 1000436)
Tristin Brown (D.C. Bar No. 1671642)
Dennis Corkery (D.C. Bar No. 1016991)
Hannah Lieberman (D.C. Bar No. 336776)
Jonathan Smith (D.C. Bar No. 396578)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS

700 14th Street, NW, Suite 400
Washington, D.C. 20005
Phone: (202) 319-1000
Fax: (202) 319-1010
kaitlin_banner@washlaw.org
tristin_brown@washlaw.org
dennis_corkery@washlaw.org
hannah_lieberman@washlaw.org
jonathan_smith@washlaw.org

Jon Greenbaum (D.C. Bar No. 489887)
Arthur Ago (D.C. Bar No. 463681)*
David Brody (D.C. Bar No. 1021476)
Arusha Gordon (D.C. Bar No. 1035129)
Noah Baron (D.C. Bar No. 1048319)*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
aago@lawyerscommittee.org
dspence@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
nbaron@lawyerscommittee.org

*Application to this Court pending*

John A. Freedman (D.C. Bar No. 453075)
David E. Kouba (D.C. Bar No. 483145)
Thomas D. McSorley (D.C. Bar No. 1001890)
Sonia Tabriz (D.C. Bar No. 1025020)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20004
(202) 942-5000
John.Freedman@arnoldporter.com
David.Kouba@arnoldporter.com
Tom.McSorley@arnoldporter.com
Sonia.Tabriz@arnoldporter.com

*Counsel for Plaintiffs*