## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., et al.,<br><br>  *Plaintiffs*,<br><br> v.<br><br>DONALD J. TRUMP, et al.<br><br>  *Defendants*. | No. 1:20-cv-01469-DLF |

### PLAINTIFFS' MOTION TO REQUIRE FURTHER IDENTIFICATION OF DEFENDANTS OR, IN THE ALTERNATIVE, FOR ISSUANCE OF SUMMONSES

Plaintiffs hereby move to require Defendants Monahan and Newsham to provide the first and last names of twelve individual Defendants who were identified in Plaintiffs' Third Amended Complaint only by last name or identifying number, because the Clerk will not otherwise issue summonses for these Defendants. In the alternative, Plaintiffs seek an order directing the Clerk to issue summonses to these Defendants as currently identified. The federal Defendants do not consent to this motion. Plaintiffs contacted counsel for Defendant Newsham on September 14, and again on September 16, to ascertain his position on this motion. His counsel have responded, but are not yet prepared to take a position; Plaintiffs will notify the Court and narrow the relief requested if Defendant Newsham's ultimate response narrows the scope of any dispute.

This Court recently granted Plaintiffs' motion for leave to file a third amended complaint and accepted Plaintiffs' Third Amended Complaint, ECF 52, which added the names or other identifying information for twenty-two formerly unnamed (e.g., "John Doe") Defendants. However, when Plaintiffs requested summonses for the new defendants, ECF 53, the Clerk did not issue summonses for Defendants who were named by means other than first name or initial and

last name. The Clerk declined to issue summonses for Defendants identified only by badge numbers, helmet numbers, arm patch numbers, and/or last names, specifically:

>U.S. Park Police Officer [First Name Unknown] Seberling;
>
>U.S. Park Police Officer Helmet Number A702;
>
>U.S. Park Police Officer Helmet Number A704;
>
>U.S. Park Police Officer Helmet Number A706;
>
>U.S. Park Police Officer Helmet Number B714;
>
>U.S. Park Police Officer Helmet Number C723;
>
>U.S. Park Police Officer Helmet Number C735;
>
>U.S. Park Police Officer Arm Patch Number JD97;
>
>U.S. Park Police Officer Arm Patch Number LP71;
>
>U.S. Park Police Officer Arm Patch Number SK10;
>
>MPD Officer [First Name Unknown] Hargrove (badge number 3176); and
>
>MPD Officer [First Name Unknown] Taylor (helmet number 5705).

*See* ECF 55; *see also* ECF 52 (Third Amended Complaint) at 3 (caption), 12 (badge numbers).

Undersigned counsel contacted the Clerk's Office on September 14, 2020 to inquire about summonses for these Defendants and was informed that the Clerk's Office would not issue summonses for these Defendants because not enough information was provided.

In order to move the case along, and because Plaintiffs have identified Defendants with adequate specificity, Plaintiffs now move this Court for an order requiring that the existing Defendants provide the names of the twelve Defendants identified by numbers or last names only, *or* in the alternative for an order directing the Clerk to issue summonses to these defendants.

As the D.C. Circuit has explained, "[t]he general attitude of the federal courts is that the provisions of Rule 4 should be liberally construed in the interest of doing substantial justice and that the propriety of service in each case should turn on its own facts within the limits of the flexibility provided by the rule itself." *FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312 & n.61 (D.C. Cir. 1980). More specifically, numerous courts have recognized that defendants can be added to cases with less information than full names. "[M]ere inability to state the individual defendants by name . . . does not warrant dismissal . . . if the allegations in the complaint allow for the specific persons to be subsequently identified with reasonable certainty." *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 759 (7th Cir. 1988). Here, Plaintiffs have identified badge numbers, helmet numbers, arm patch numbers, and/or last names of officers named as defendants, along with their respective employing agencies. This comports with the requirements of Rule 4, as the Court implicitly recognized when it granted leave to file the Third Amended Complaint. Courts have deemed the naming of a defendant to have been sufficient or issued summonses for law enforcement officials based on information comparable to (or even less illuminating than) what Plaintiffs have provided here—such as a description of officers by shift, *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 559-60 (7th Cir. 1996); where a plaintiff provided just a last name and badge number, *McCurdy v. Johnson*, No. 2:08-cv-0176, 2012 WL 3135906, at *1 n.1 (D. Nev. Aug. 1, 2012); or where defendants were identified by last name, place of employment, and position, *Johnson v. Kelly*, No. 2:11-cv-01858, 2013 WL 129394, at *1 (D. Nev. Jan. 8, 2013)); *see also Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir. 1983) (ordering that plaintiff be allowed to amend and serve "additional prison officials named *or described* in the complaint" (emphasis added)); *Huertas v. City of Camden*, No. CV 03-4025, 2003 WL 27386399, at *2 (D.N.J. Oct. 17, 2003) (noting that defendant "City of Camden Police Officer with badge

number 1130" was "identified with sufficient precision to permit service by the United States Marshals Service").

Requiring existing defendants to provide the full names of such partially identified defendants is a minimally burdensome and well-trod path forward in such circumstances. Ordering Defendants Monahan and Newsham to provide the first and last names of the officers whose summonses have not been issued is a simple expedient that would move the case forward without significant burden to Defendants. Badge numbers, helmet numbers, arm band numbers, and/or last names are all unique identifiers; based on this information, agency heads like Defendants Monahan and Newsham can easily ascertain from internal records the full names of these individuals, who were on duty at or near Lafayette Square on June 1 between 6 and 7 pm. *See, e.g., Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992); *Battle v. City of New York*, No. 14 CIV. 5263, 2014 WL 5427701, at *2 (E.D.N.Y. Oct. 24, 2014). Such an order would be *much* more limited than the discovery the Court previously denied: it would require Defendant Monahan to provide nothing more than 10 names of specific, already-identified individuals who work for him, and Defendant Newsham to provide 2 such names—as opposed to the lists and additional identifying information Plaintiffs previously sought.

In accordance with the above examples and with the D.C. Circuit's general admonition to "do[] substantial justice" and to recognize the "flexibility" provided by Rule 4, the Court should therefore order the existing Defendants to provide the full names of the Defendants that Plaintiffs have identified by their last names and/or identifying numbers.

Alternatively, the Court should order the Clerk to issue Plaintiffs' requested summonses with the identifying information Plaintiffs have provided, so that Plaintiffs can attempt to locate and serve the individuals they have identified.

For these reasons, the motion should be granted. A proposed order is filed herewith.

September 18, 2020

Respectfully submitted,

/s/ Scott Michelman
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 1601047)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
OF THE DISTRICT OF COLUMBIA
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
smichelman@acludc.org
aspitzer@acludc.org
mperloff@acludc.org

Kaitlin Banner (D.C. Bar No. 1000436)
Tristin Brown (D.C. Bar No. 1671642)
Dennis Corkery (D.C. Bar No. 1016991)
Hannah Lieberman (D.C. Bar No. 336776)
Jonathan Smith (D.C. Bar No. 396578)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS
700 14th Street, NW, Suite 400
Washington, D.C. 20005
Phone: (202) 319-1000
Fax: (202) 319-1010
kaitlin_banner@washlaw.org
tristin_brown@washlaw.org
dennis_corkery@washlaw.org
hannah_lieberman@washlaw.org
jonathan_smith@washlaw.org

Jon Greenbaum (D.C. Bar No. 489887)
Arthur Ago (D.C. Bar No. 463681)*
David Brody (D.C. Bar No. 1021476)
Arusha Gordon (D.C. Bar No. 1035129)
Noah Baron (D.C. Bar No. 1048319)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
(202) 662-8600

jgreenbaum@lawyerscommittee.org
aago@lawyerscommittee.org
dbrody@lawyerscommittee.org
agordon@lawyerscommittee.org
nbaron@lawyerscommittee.org

*Application to this Court pending*

John A. Freedman (D.C. Bar No. 453075)
David E. Kouba (D.C. Bar No. 483145)
Thomas D. McSorley (D.C. Bar No. 1001890)
Sonia Tabriz (D.C. Bar No. 1025020)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20004
(202) 942-5000
John.Freedman@arnoldporter.com
David.Kouba@arnoldporter.com
Tom.McSorley@arnoldporter.com
Sonia.Tabriz@arnoldporter.com

*Counsel for Plaintiffs*