IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1469 |
| ) | (DLF) |
| DONALD J. TRUMP, ) | |
| ) | |
| AND ) | |
| ) | |
| WAYNE VINCENT, *et al.*, ) | |
| 1425 N Courthouse Rd ) | |
| Arlington, VA 22201 ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT VINCENT'S MOTION TO DISMISS

Defendant, Arlington County Police Captain Wayne Vincent, by counsel, respectfully moves the Court pursuant to Rule 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim to dismiss Plaintiffs' Third Amended Complaint against him. A memorandum of points and authorities supporting this motion and a proposed order are attached. Defendant requests oral argument.

Respectfully Submitted,

WAYNE VINCENT

By Counsel

STEPHEN A. MACISAAC, County Attorney

By:         /s/
MinhChau Corr, Deputy County Attorney
Virginia Bar No. 78877 (admission pending)
Ryan Samuel, Assistant County Attorney
D.C. Bar No. 1614909
Arlington County Attorney's Office
2100 Clarendon Boulevard, #403

1

Arlington, Virginia, 22201
703-228-3100
703-228-7106 (fax)
mcorr@arlingtonva.us
rsamuel@arlingtonva.us
**Counsel for Defendants**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such to all registered users.

/s/
Ryan Samuel
Assistant County Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-1469 |
| ) | (DLF) |
| DONALD J. TRUMP, ) | |
| ) | |
| AND ) | |
| ) | |
| WAYNE VINCENT, *et al.*, ) | |
| 1425 N Courthouse Rd ) | |
| Arlington, VA 22201 ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANT VINCENT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant, Arlington County Police Captain Wayne Vincent, by counsel, for his Statement of Points and Authorities in Support of his Motion to Dismiss Pursuant to Rule 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim states as follows:

This is a proposed class action against numerous governmental agents in their official and individual capacities arising out of the clearing of protestors from Lafayette Park in the evening of June 1, 2020. Plaintiffs sue Arlington County Police Captain Vincent in his individual capacity for conspiracy to deprive Plaintiffs of their rights in violation of 42 U.S.C. § 1985(3), and failure to prevent a conspiracy in violation of 42 U.S.C. § 1986, but allege no specific facts against Captain Vincent. Because Captain Vincent's involvement in the June 1, 2020 assignment was under a mutual aid agreement between the Arlington County Police Department and U.S. Park Police pursuant to Section 7302, National Capital Region Mutual Aid, of the Intelligence Reform and Terrorism Prevention Act of 2004, as amended, venue for an action against Captain

1

Vincent is only proper in the Courts of the Commonwealth of Virginia or a federal court in Virginia. And, even if venue is proper, the Amended Complaint fails to state a claim against Captain Vincent.

## FACTS

Plaintiffs are a limited liability company and residents of Washington D.C., Maryland, and Virginia. ECF No. 52-2 at ¶¶ 9-15. Members and supporters of Plaintiff Black Lives Matter D.C. and the other plaintiffs demonstrated at a large protest against racial injustice and police brutality around 6:00 pm in Lafayette Park near the White House. *Id.* at ¶ 65. Captain Vincent and officers from the Arlington County Police Department were present at Lafayette Square on special assignment under a mutual aid agreement with the United States Park Police. Ex. A. Captain Vincent was present at the Joint Operations Command Center to coordinate the actions of the Arlington County Police officers present at Lafayette Square with federal law enforcement officers, under the command of the U.S. Park Police. *Id.* at ¶ 76. At approximately 6:30 pm, Defendant U.S Park Police Major Adamchik, the incident commander at Lafayette Square, ordered law enforcement officers present at Lafayette Square to clear the square of protesters. *Id.* at ¶¶ 20, 82. Certain law enforcement officers rushed forward to attack the assembled protesters. *Id.* at ¶ 83–98. Officers from the Arlington County Police Department surged up 16th Street NW to drive protesters north of Lafayette Square past St. John's Church. *Id.* at ¶ 99.

## LEGAL STANDARD

### I.  Rule 12(b)(3) Standard

Federal Rule of Civil Procedure 12(b)(3), permits Captain Vincent to move to dismiss an action when venue is improper. Captain Vincent "must provide sufficient specificity to put the plaintiff[s] on notice" of the defect in venue, but the Plaintiffs still bear the burden to establish

venue is proper. *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 50-51 (D.D.C. 2014), *aff'd sub nom. McCain v. Bank of Am. N.A.*, 602 F. App'x 836 (D.C. Cir. 2015).

Captain Vincent "must present facts that will defeat the plaintiff's assertion of venue." *James v. Verizon Services Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). Plaintiffs' "well-pled factual allegations regarding venue [are treated] as true, draw[ing] all reasonable inferences from those allegations in [Plaintiffs'] favor." *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (internal quotation marks omitted). However, legal conclusions are not treated as true and the Court "may consider material outside of the pleadings." *Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015).

### II.     Rule 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), Plaintiffs' Third Amended Complaint must contain factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be plausible, the facts must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 557 ("Factual allegations must be enough to raise a right to relief above the speculative level."). "A complaint alleging facts that are 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility.'" *Bettis v. Bowser*, No. 19-cv-3625, 2020 U.S. Dist. LEXIS 172178, *4-5 (D.D.C. September 21, 2020) (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted)). The Court must construe Plaintiffs' Third Amended Complaint in Plaintiffs favor and must grant Plaintiffs "the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). However, there is no assumption of truth to a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S.

at 678 (quoting *Twombly*). Further, an "unadorned, the defendant-unlawfully-harmed-me accusation" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

For allegations of conspiracy, "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556-57; *see also Barrett v. PAE Gov't Servs.*, No. 19-1394, 2020 U.S. App. LEXIS 29259, *36-37 (4th Cir. Sept. 15, 2020) (affirming dismissal of conspiracy claims on a 12(b)(6) motion in a civil rights action).

## ARGUMENT

### I. For Captain Vincent, Venue Lies in the Courts of the Commonwealth of Virginia or in Federal Courts in Virginia.

This Court is an improper venue for Captain Vincent pursuant to Section 7302, National Capital Region Mutual Aid, of the Intelligence Reform and Terrorism Prevention Act of 2004 ("the Act"), as amended. 42 U.S.C. § 5196 note, Pub. L. 108–458, Title VII, Subtitle C, § 7302, Dec. 17, 2004, 118 Stat. 3840, as amended by Pub. L. 110–250, § 1, June 26, 2008, 122 Stat. 2318. Section 7302(b) of the Act authorizes mutual aid agreements between "any authorized representative of the Federal Government" and "the chief operating officer of a locality, or their designees" for law enforcement during a "public service event." In § 7302(a), the Act defines public service event to include "public gatherings, demonstrations and protests," like those described in Plaintiffs' Third Amended Complaint. Section(d) limits the liability of any responding party's employees and limits choice of law and venue for any civil action to "only…the laws and procedures of the State of the party rendering aid and only in the Federal or State courts located therein."

Captain Vincent was present at the events described in the Third Amended Complaint because of a mutual aid agreement between the Arlington County Police Department and U.S. Park Police pursuant to the Act. The parties entered into the mutual aid agreement on December 12, 2016. See Ex. B. The U.S. Park Police requested aid from the Arlington County Police Department for handling the demonstrations in Lafayette Park under the mutual aid agreement and the Arlington County Police Department agreed. See Ex. C. Captain Vincent was on special assignment to assist the U.S. Park Police pursuant to this mutual aid agreement. Ex. A. Accordingly, under the Act venue against Captain Vincent lies only in the Commonwealth of Virginia's courts or in a federal court in Virginia. Plaintiffs' Third Amended Complaint against Captain Vincent should be dismissed for improper venue.

## II.     Plaintiffs Fail to State a Claim Against Captain Vincent.

In addition to venue being improper, the Third Amended Complaint fails to state a claim against Captain Vincent under Rule 12(b)(6). The Third Amended Complaint has two causes of action against Captain Vincent. Claim 5 for a violation of 42 U.S.C. § 1985(3) and Claim 6 for a violation of 42 U.S.C. § 1986.

### A. *Plaintiffs Plead Insufficient Facts to Establish the Existence of a § 1985(3) Conspiracy.*

Plaintiffs' Claim 5 is one for civil rights conspiracy in violation of 42 U.S.C. § 1985(3), brought against all defendants. To state a viable claim under § 1985(3) Plaintiffs must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, . . . and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in [his] person or property or deprived of any right or privilege of a citizen of the United States.

*Melton v. District of Columbia*, 85 F. Supp. 3d 183, 195 (D.D.C. 2015) (citation omitted).

Plaintiffs allege no specific facts against Captain Vincent in this claim, but merely states that "Defendants conspired together to deprive Plaintiffs and all class members of their civil rights…" ECF No 52-2 at ¶ 242. Plaintiffs' sparse allegations are insufficient to establish a § 1985(3) conspiracy under the *Twombly* and *Iqbal* standards. Plaintiffs conclusory allege a conspiracy existed and was executed at the direction of federal officials. These conclusory allegations are insufficient to state a § 1985(3) conspiracy claim against Captain Vincent. There are no facts establishing Captain Vincent's knowledge of a conspiracy. There are no facts stating any acts by Captain Vincent in furtherance of a conspiracy or that any act he took caused Plaintiffs injury. Accordingly, Claim 5 against Captain Vincent should be dismissed with prejudice.

> B. *Plaintiffs' Claim for Failure to Prevent a Conspiracy Must Fail Because No Conspiracy Existed and There are No Allegations Captain Vincent Had the Power to Prevent the Attacks.*

Claim 6 is for a violation of 42 U.S.C. § 1986. 42 U.S.C. § 1986 states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . .

42 U.S.C. § 1986.

By its terms, to state a § 1986 claim, Plaintiffs must also state a colorable claim under § 1985. *Bennett v. United States Chess Fed'n*, 468 F. Supp. 2d 79, 88 (D.D.C. 2006). As Plaintiff has failed to state a § 1985 claim against Captain Vincent, Plaintiffs' § 1986 claim also fails.

Further, Plaintiffs' factual allegations do not establish that Captain Vincent had the "power to prevent or aid in preventing" the alleged attacks. Instead, the Third Amended Complaint states that federal government actors "ordered the law enforcement officers present at

Lafayette Square to attack the peaceably assembled protesters." ECF No. 52-2 at ¶¶ 1, 82, 86-87. Captain Vincent has no authority to prevent or aid in the prevention of acts by the federal government as described in the Third Amended Complaint.

Plaintiff's § 1986 claim against Captain Vincent should be dismissed with prejudice.

## CONCLUSION

Therefore, Plaintiffs' Third Amended Complaint against Captain Vincent should be dismissed in addition to any other relief the Court deems just under the circumstances.

Respectfully Submitted,

WAYNE VINCENT

By Counsel

STEPHEN A. MACISAAC, County Attorney

By: /s/
MinhChau Corr, Deputy County Attorney
Virginia Bar No. 78877 (admission pending)
Ryan Samuel, Assistant County Attorney
D.C. Bar No. 1614909
Arlington County Attorney's Office
2100 Clarendon Boulevard, #403
Arlington, Virginia, 22201
703-228-3100
703-228-7106 (fax)
mcorr@arlingtonva.us
rsamuel@arlingtonva.us
**Counsel for Defendants**

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on October 6, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such to all registered users.

/s/
Ryan Samuel
Assistant County Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>AND<br><br>WAYNE VINCENT, *et al.*,<br>1425 N Courthouse Rd<br>Arlington, VA 22201<br><br>  Defendants. | Civil Action No. 1:20-cv-1469<br>              (DLF) |

**ORDER**

Upon consideration of Defendant Arlington County Police Captain Wayne Vincent's Motion to Dismiss the Third Amended Complaint, any opposition or reply thereto, and the entire record herein, it is this _____ day of _____, 2020 hereby:

**ORDERED** that Defendants' Motion is **GRANTED**; and it is further,

**ORDERED** that the Third Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Captain Wayne Vincent.

**SO ORDERED.**

_____
DABNEY L. FRIEDRICH
United States District Judge

1

2

Copies to:

MinhChau Corr
Ryan Samuel

*Counsel for Defendants Vincent, Allen, and Black*

Kaitlin Rose Banner
Tristin Brown
Dennis A. Corkery
Hannah Lieberman
Jonathan Smith

Scott Michelman
Arthur B. Spitzer
Michael Krevans Perloff

Jon M. Greenbaum
Arthur Ago
David Ryan Brody
Arusha Gordon
Noah Baron

John Arak Freedman
David Edward Kouba
Thomas Dallas McSorley
Sonia Tabriz

*Counsel for Plaintiffs*

Duane Gordon Blackman

*Counsel for Defendant Peter Newsham*

David Gregory Cutler

*Counsel for Defendant William P. Barr*

Christopher Charles Hair

*Counsel for Defendants Donald J. Trump, Gregory T. Monahan, Mark T. Esper, Michael D. Carvajal. William P. Barr, William J. Walker, James M. Murray, and Lorton Reformatory*

Brendan Russell Heath

*Counsel for Defendants John Does 1-50 and
Peter Newsham*

John BlairFishwick Martin

*Counsel for Defendant William P. Barr*

3