Case 1:20-cv-1469 (DLF)

Exhibit B

INTERAGENCY AGREEMENT
BETWEEN
ARLINGTON COUNTY POLICE DEPARTMENT
AND THE
UNITED STATES PARK POLICE

WITNESSETH:

This Agreement made this 12 day of December, 2016, by and between the County Board of Arlington County, Virginia, by its Police Department ("ACPD"), And The National Park Service, United States Park Police ("USPP"), for law enforcement assistance in the event of an emergency or public service events that may occur during the time period that extends five (5) years from the date this Agreement is signed.

WHEREAS, D.C. Code Ann. §§ 5-201, 206 (2001) and 54 U.S.C. 102701(a) provide that the USPP, has law enforcement authority within the District of Columbia, the National Park System, and designated Federal Reservations in the environs of the District of Columbia, and

WHEREAS, D.C. Code Ann. § 5-205 (2001) allows the National Park Service to appoint "special policemen" to have the same powers and duties as the USPP and the Metropolitan Police Department, but "restricted to the public parks and reservations" within the District of Columbia under National Park Service control; and 54 U.S.C. 102701(b) allows National Park Service to designate "special policemen in areas of the National Park System," and

WHEREAS, Virginia Code § 15.2-1726 provides that "Any locality may in its discretion, enter into a reciprocal agreement with any other locality, any agency of the federal government exercising police powers …..for such periods and under such conditions as the contracting parties deem advisable, for cooperation in the furnishing of police services... Subject to the conditions of the agreement, all police officers, officers, agents and other employees of such consolidated or cooperating police departments shall have the same powers, rights, benefits, privileges and immunities in every jurisdiction subscribing to such agreement, including the authority to make arrests in every such jurisdiction subscribing to the agreement," and

WHEREAS, the Arlington County Police Department, is a Police Department which is responsible for preservation of law and order, and

WHEREAS, there may be an emergency or a "public service event" like the 2017 Presidential Inauguration on the National Mall, that may be of special concern in regards to security issues for the USPP, and

WHEREAS, during such emergencies and public service events USPP may request the ACPD to provide law enforcement assistance on Federal parkland in the District of Columbia and,

WHEREAS, This agreement is a "mutual aid agreement" for purposes of § 7302 of the National Intelligence Reform and Terrorism Prevention Act of 2004 ("Act"), by which the USPP is requested by the ACPD to provide police and other public safety services, assistance and support during emergencies or public service events, to which the liability provisions of § 7302(d) of the National Intelligence Reform Act of 2004 shall apply.

WHEREAS, the USPP and the ACPD enter into this agreement pursuant to Title 31 U.S.C. §§ 1535 and 1536 of the Economy Act,

NOW, THEREFORE, in consideration of the mutual rights and obligations herein, the Parties agree to the following:

1. The USPP requests the ACPD to provide police officers to assist the USPP on certain Federal parklands during certain public service and national special security events.

2. The USPP will request the assistance of officers from the ACPD for the specific event as stated in an Emergency or Public Service Event Law Enforcement Request, in a form similar to that attached as Attachment A. Said form shall indicate the event, the period for which the officers are needed, the number of officers needed, and whether and how reimbursement will occur. Except in the event of an emergency request, both Parties must mutually agree to the terms of each request as outlined in Attachment A which must be signed by both Parties prior to ACPD fulfillment of a request.

3. In the event that reimbursement is agreed upon, the cost of furnishing services described herein for the ACPD officers shall be borne by the USPP, to include salaries and travel time prior to and to and from the event.

4. Responsibility for the overall law enforcement operations during this event on Federal parkland will remain with the Chief of USPP or her designee. The Officer-in-charge of the ACPD officers provided will have an integral part of any decision-making process that could have an effect on the ACPD officers, including decisions made with other agencies that may be brought in and made part of the law enforcement detail for this event by mutual aid or other agreement.

5. Pursuant to D.C. Code Ann. § 5-205(2001) and 54 U.S.C. 102701(c), the ACPD officers are hereby designated as special policemen and are herein authorized to enforce on Federal parkland in the District of Columbia, Federal and District laws and National Park Service regulations to the same extent as if they were duly authorized law enforcement officers of the USPP.

6. Pursuant to 54 U.S.C. § 102701(b)(4)(B), such ACPD officers, authorized to enforce laws on Federal parkland under this agreement, shall be considered Federal employees for purposes of work injuries compensation as well as any tort claim under the Federal Tort Claim Act. The Force agrees to process any claims submitted against such officers as claims submitted under the Federal Tort Claims Act. Police reports prepared by ACPD personnel or USPP personnel, concerning incidents that occurred during the event, shall be made available to the other agency upon request in accordance with applicable laws.

In the event that the ACPD or its personnel is sued for actions taken while properly acting within the scope of this agreement, they may request Department of Justice (DOJ) representation under the procedures set forth at 28 CFR 50.15. They may also request DOJ representation by private counsel at Federal expense or DOJ reimbursement of private counsel fees under the procedures set forth at 28 CFR 50.16. In the event DOJ does not authorize such requests, however, while free to obtain representation by private counsel elsewhere the ACPD or its personnel will not be reimbursed.

7. The Parties shall abide by the provisions of Executive Order 11246, as amended, and shall comply with the requirements of Title VI of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 2000d et seq.; 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Age Discrimination Act of 1975; 42 U.S.C. § 6101 et seq. and with all other Federal laws and regulations prohibiting discrimination on grounds of race, color, national origin, disability, religion, or sex, in employment and in providing facilities and services to the public.

8. Pursuant to the Anti-Deficiency Act, 31 U.S.C. § 1341 (a) (1), nothing herein contained shall be construed as binding the United States government to expend in any one fiscal year any sum in excess of appropriations made by Congress for this purpose, or to involve the United States government in any contract or other obligation for the further expenditure of money in excess of such appropriations.

9. All of the ACPD's obligations under this Agreement shall be fully subject to the appropriation of funds by the County Board of Arlington County, Virginia, for the purpose of satisfying the ACPD's obligations hereunder.

10. Both Parties have the right to terminate this Agreement at any time and for any reason upon providing ninety (90) days advance written notice to the other Party. In the event of early termination of this Agreement, USPP shall be solely responsible for covering the costs associated with final settlement and termination of the Agreement, except that USPP shall not be responsible to ACPD for costs associated with actions that stem from errors in performing the responsibilities assigned to ACPD as outlined in this Agreement.

11. The Parties mutually agree that no provision of this Agreement shall create in the public or in any person or entity other than those signing this Agreement as parties hereto, rights as a third party beneficiary hereunder, or authorize any person or entity, not a party hereto, to maintain any action for personal injury, property damage, or breach of contract pursuant to the terms of this Agreement or otherwise.

12. The USPP represents that its official requesting the ACPD personnel pursuant to this Agreement, has authority under 54 U.S.C. 102701(b) to do so.

This Agreement shall be effective once signed by all parties.

**For United States Park Police**

_____    12/21/16
Robert D. MacLean, Chief          Date
United States Park Police

**For Arlington County Police Department,
Arlington County, VA**

_____    1.9.2017
M. Jay Farr, Chief                Date
Arlington County Police