**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BLACK LIVES MATTER D.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-1469 |
| | ) | (DLF) |
| DONALD J. TRUMP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT VINCENT'S REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION
TO HIS MOTION TO DISMISS</u>**

Defendant, Arlington County Police Captain Wayne Vincent, by counsel, for his Reply

Memorandum to Plaintiffs' Opposition to His Motion to Dismiss states as follows:

**BACKGROUND**

On October 6, 2020, Defendant Vincent filed his Motion to Dismiss Plaintiffs' Third

Amended Complaint. ECF No. 83. Defendant Vincent moved to dismiss for improper venue

pursuant to Fed. R. Civ. P. 12(b)(3), because at all relevant times he was acting pursuant to a

mutual aid agreement between the Arlington County Police Department and the U.S. Park

Police. The mutual aid agreement is governed by the Section 7302, National Capital Region

Mutual Aid, of the Intelligence Reform and Terrorism Prevention Act of 2004, which establishes

venue for any civil action against Defendant Vincent in the courts located in the Commonwealth

of Virginia and not this district. He also moved to dismiss for failure to state a claim pursuant to

Fed. R. Civ. P. 12(b)(6). Plaintiffs' filed their opposition on November 19. ECF No. 99.

## ARGUMENT

### I.    Plaintiff's Opposition Is Untimely.

Plaintiffs' opposition is untimely. Defendant Vincent timely filed his Motion to Dismiss on October 6. ECF No. 83. Under this Court's Local Rules, Plaintiffs' opposition was due fourteen days later, October 20. Plaintiffs did not file their opposition until November 19. Plaintiffs appear to have relied on the Court's August 24 minute order, which was entered prior to Captain Vincent being named and governs the briefing schedule for the federal defendants, but not Captain Vincent. Accordingly, Plaintiffs' opposition is untimely and under Local Rule 7(b) "the Court may treat the motion as conceded."

### II.    This District is an Improper Venue for Captain Vincent.

Defendant Vincent moved to dismiss this action under Rule 12(b)(3) for improper venue because he was acting pursuant to a mutual aid agreement between the Arlington County Police Department ("ACPD") and the U.S. Park Police. Under § (d)(2) of the liability provisions of Section 7302, National Capital Region Mutual Aid, of the Intelligence Reform and Terrorism Prevention Act of 2004 ("the Act"), as amended, venue is plainly improper in this district as to Captain Vincent. 42 U.S.C. § 5196 note. Plaintiffs argue that the Act does not apply for two reasons. First, they argue the liability provisions of the Act do not apply to the mutual aid agreement. Second, they argue the U.S. Park Police signatory, the U.S. Park Police Chief, did not have authority to enter into the mutual aid agreement under the Act.

#### A.  *The Liability Provisions of the Act Apply to the Mutual Aid Agreement.*

To avoid having the plain terms of the Act apply, Plaintiffs take a myopic view of the mutual aid agreement. Plaintiffs argue that the Act does not apply when the U.S. Park Police requests aid from the ACPD under the agreement. To support this argument, Plaintiffs rely on

the mutual aid agreement's seventh whereas clause, which states that the Act applies when ACPD requests aid from the U.S. Park Police. ECF No. 99 at 4-6. The events at issue here involved U.S. Park Police requesting aid from the ACPD, therefore, according to the Plaintiffs the Act does not apply.

However, "[i]t is a cardinal principal of contract construction that 'a document should be read to give effect to all of its provisions and render them consistent with each other.'" *Deutsche Bank Nat'l Trust Co. v. FDIC*, 109 F. Supp. 3d 179, 198 (D.D.C. 2015) (citing *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995)). And, when viewing the mutual aid agreement as a whole, it is clearly a reciprocal agreement for rendering aid and the terms of the liability provisions of the Act apply regardless of which party requests aid. The fifth and sixth whereas clauses specifically describe the need for the ACPD to provide aid to the U.S. Park Police during an "emergency" or "public service event." ECF No. 83-2 at 1. Likewise, the first numbered paragraph states the U.S Park Police will request aid from the ACPD "on certain Federal parklands during certain public service…events." *Id.* at 2. The terms 'emergency' and 'public service event' are not defined in the agreement, but are clearly references to those terms as defined in subsection (a) of the Act because the other statutory provisions cited in the agreement make no reference to "public service event" or "emergency." Moreover, the Act is self-executing and does not require specific language or a citation in an agreement for the liability provisions of the Act to apply. 42 U.S.C. § 5196 note (defining mutual aid agreement at National Capital Region mutual aid § (a)(6)).

Therefore, the liability provisions of the Act apply in this civil action and Plaintiffs' strained reading of the mutual aid agreement should be rejected.

**B.  The U.S. Park Police Chief Had Authority to Enter into the Mutual Aid Agreement With the ACPD Under the Act.**

Plaintiffs also argue the U.S Park Police Chief did not have authority to enter into the mutual aid agreement as an authorized representative of the federal government because the President did not designate him as an authorized representative. Accordingly, Plaintiffs' argue the Act cannot apply to the mutual aid agreement. However, the U.S. Park Police Chief has at least implied actual authority to act as an authorized federal representative under the Act. "Implied actual authority, like expressed actual authority, will suffice [to hold the government bound by the acts of its agents]." *Thomas v. INS*, 35 F.3d 1332, 1339 (9th Cir. 1994) (citation omitted). "Implied authority, unlike apparent authority, is intended by the principal, or would be if the principal thought about it, even though instead of being express, it is implied by words, deeds, custom, acquiescence, and other circumstances." *Id.*

Here, it is clear the U.S. Park Police Chief had at least implied actual authority to act as an authorized representative of the federal government under the Act. Plaintiffs acknowledge the President specifically designated the Secretary of the Interior to enter into mutual aid agreements under the Act. "The U.S. Park Police is a subdivision of the National Park Service, which is a bureau of the U.S. Department of the Interior." *Atherton v. United States*, 174 F. Supp. 3d 359, 362 n.1 (D.D.C. 2016). The U.S. Park Police Chief is thus an agent of the Secretary of the Interior and the President would be aware of such relationship when delegating authority to the Secretary of the Interior. Further, the mutual aid agreement evidences the U.S. Park Police Chief's general authority to enter into agreements to further law enforcement purposes on behalf of the Secretary of the Interior. Likewise, integral to the U.S. Park Police Chief's assigned duties from the Secretary of the Interior is entering into agreements with state and local law enforcement to provide mutual aid. *See* Department of the Interior Departmental Manual Part

4

146, Chapter 10 ("The USPP is commanded by a Chief of Police, who is responsible for the overall management and effective operation of all activities conducted by the Force."), available at https://www.doi.gov/sites/doi.gov/files/elips/documents/Chapter%20%2010_%20UNITED%20S TATES%20PARK%20POLICE.doc; *Id.* Part 446, Chapter 4, § 4.2.C ("Mutual aid assistance for law enforcement with another Federal, State, or local agency is encouraged where authorized and should be in writing where practical."), available at https://www.doi.gov/sites/doi.gov/files/elips/documents/Chapter%20%204_%20EMERGENCY %20ASSISTANCE.doc.

Thus, even if the U.S. Park Police Chief did not have express actual authority to enter into the agreement under the Act, he had implied actual authority to enter into the agreement and bind the federal government based on his agency relationship with the Secretary of the Interior and assigned duties to enter into mutual aid agreements with other law enforcement agencies. Accordingly, the terms of the Act apply here. Plaintiffs have not met their burden establishing venue is proper in this Court by showing the mutual aid agreement is invalid under the Act.

Accordingly, under the liability provisions of the Act, this civil action should be dismissed for improper venue.

## III.    Dismissal Rather Than Transfer Is Appropriate.

Plaintiffs next argue that if the Court finds the Act applies and this Court is an improper venue, the Court should sever the claims against Defendant Vincent into a new cause of action and transfer the case to the Eastern District of Virginia. However, the circumstances before the Court warrant dismissal rather than transfer of venue.

"District courts have significant discretion in deciding whether to transfer or dismiss a case in the interest of justice." *Doe v. Petraeus*, 2013 U.S. Dist. LEXIS 204556, *8, 2013 WL 12432305 (D.D.C. 2013) (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789, 232 U.S. App. D.C. 293 (D.C. Cir. 1983); *Hoskins v. Napolitano*, 842 F. Supp. 2d 8, 11 (D.D.C. 2012)). In deciding to transfer or dismiss a civil action, the Court is authorized to "take a peek at the merits." *Id.* (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999); *McGinn, Smith & Co., Inc. v. Fin. Indus. Regulatory Auth.*, 786 F. Supp. 2d 139, 147 (D.D.C. 2011)).

As stated in Defendant Vincent's Motion to Dismiss and below, the facts alleged against him are too sparse to survive a motion to dismiss and dismissal is then warranted for improper venue as well. *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 131 (D.D.C. 2010) (dismissing case for improper venue where "the complaint in its current form would likely face dismissal without prejudice for failure to state a claim"). Further, it should not be the Court's burden to sever Defendant Vincent from this civil action and craft a new complaint for Plaintiffs to transfer to the Eastern District. The appropriate remedy in this case for improper venue is dismissal.

## IV. Plaintiffs Failed to State a Claim Against Defendant Vincent.

Plaintiffs have also failed to state a claim against Defendant Vincent.

### A. Plaintiffs' § 1985(3) Claim Against Defendant Vincent Fails.

Plaintiffs argue that because they alleged a conspiracy, Defendant Vincent was present at the command center with the federal defendants, and that "ACPD officers directly participated in the assault of Plaintiffs, and Defendant Vincent coordinated [the ACPD officers'] actions"[1] they

---

[1] To the extent Plaintiffs are arguing Captain Vincent conspired with other ACPD officers, such argument is barred by the intracorporate conspiracy doctrine, which bars conspiracy claims when officers within a single entity consult among themselves. "District courts within this Circuit have [] 'consistently . . . applied the intracorporate conspiracy doctrine to Section 1985.'" *Kelley v. District of Columbia*, 893 F. Supp. 2d 115, 120, (D.D.C. 2012) (citing *Tabb v. District of Columbia*, 477 F. Supp. 2d 185, 190 (D.D.C.2007) (listing cases)); *see also K.O. v. United States*

have stated a § 1985(3) conspiracy claim that survives Defendant Vincent's Motion to Dismiss. ECF No. 99 at 12-13.

However, the Third Amended Complaint simply contains insufficient facts to establish a claim against Defendant Vincent under § 1985(3) that he conspired with the federal defendants and consciously aimed to violate Plaintiffs' civil rights. "In the context of § 1985(3), it is not sufficient that Plaintiffs allege an agreement between Defendants to harm Plaintiffs. Instead, Defendants must have formed an agreement with the purpose of violating the civil rights of Plaintiffs." *Kurd v. Republic of Turkey*, 374 F. Supp. 3d 37, 61 (D.D.C. 2019) (citation omitted). "[T]he conspiracy must have been consciously aimed at impairing those rights." *Id.* at 62. "To state sufficient facts to support an agreement, plaintiff[s] should allege the existence of any events, conversations, or documents indicating there was an agreement between the defendants to violate his rights." *Bush v. Butler*, 521 F. Supp. 2d 63, 68 (D.D.C. 2007) (citation omitted). In evaluating a § 1985(3) claim on a 12(b)(6) motion, this Court has found that allegations that defendants broke through a law enforcement cordon in a coordinated fashion with "common goal of beating protesters to end the protest and curtail [p]laintiffs' First Amendment rights" and yelled slurs at plaintiffs is not enough to move an allegation of an agreement to consciously violate civil rights from speculative to plausible. *Kurd*, 374 F. Supp. 3d at 62-63.

Here, at best, as to Captain Vincent, Plaintiffs have alleged inter-governmental cooperation among local and federal law enforcement agencies and ordinary incidents of paramilitary command within the ACPD. Plaintiffs' allegations do not rise to the level of a plausible conspiracy under § 1985(3). Plaintiffs' § 1985(3) claim against Defendant Vincent should be dismissed with prejudice.

---

*Immigration & Customs Enf't*, 2020 U.S. Dist. LEXIS 110134, *42, 2020 WL 3429697 (D.D.C. June 23, 2020).

**B.  *Plaintiffs' § 1986 Claim Against Defendant Vincent Likewise Fails.***

As Plaintiffs' § 1985 claim fails, so does their § 1986 claim. Further, Plaintiffs' § 1986 claim fails because Defendant Vincent did not have the power to prevent or aid in preventing the federal defendants' actions.

Plaintiffs argue that Defendant Vincent could have prevented or aided in preventing the alleged conspiracy and their § 1986 claim should survive Defendant Vincent's motion to dismiss. ECF No. 99 at 13. Plaintiffs have a strained reading of § 1986 that ignores that by § 1986's terms Defendant Vincent must have had the "power" to prevent or aid in preventing the acts being conspired to be done. Defendant Vincent, a local law enforcement officer, clearly does not have such power over federal law enforcement. *See Estate of Carter v. District of Columbia*, 903 F. Supp. 165, 168 (D.D.C. 1995) (holding that District of Columbia cannot be held liable for failing to supervise and train federal law enforcement officers over whom it lacked the power to direct and control and that D.C. Chief of Police and his subordinates could not order federal law enforcement to act or veto federal law enforcement actions) (citing *Saffron v. Wilson*, 481 F. Supp. 228, 245-46 (D.D.C. 1979)). Accordingly, Plaintiffs' § 1986 claim against Captain Vincent also fails and should be dismissed with prejudice.

## CONCLUSION

Therefore, Plaintiffs' Third Amended Complaint against Captain Vincent should be dismissed in addition to any other relief the Court deems just under the circumstances.

Respectfully Submitted,

WAYNE VINCENT

By Counsel

8

STEPHEN A. MACISAAC, County Attorney

By: _____/s/_____

MinhChau Corr, Deputy County Attorney
Virginia Bar No. 78877 (admission pending)
Ryan Samuel, Assistant County Attorney
D.C. Bar No. 1614909
Arlington County Attorney's Office
2100 Clarendon Boulevard, #403
Arlington, Virginia, 22201
703-228-3100
703-228-7106 (fax)
mcorr@arlingtonva.us
rsamuel@arlingtonva.us
**Counsel for Defendants**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 27, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such to all registered users.


_____/s/_____
Ryan Samuel
Assistant County Attorney