IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:20-cv-01469-DLF |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF FEDERAL COURTS SCHOLARS AS *AMICI CURIAE* IN OPPOSITION TO DEFENDANT BARR'S MOTION TO DISMISS**

Pursuant to Local Rule 7.2(b), federal courts scholars Carlos M. Vázquez, Anya Bernstein, James E. Pfander, and Stephen I. Vladeck move for leave to file a brief as *amici curiae* in opposition to Defendant Barr's motion to dismiss. Counsel has conferred with counsel for all parties, none of whom opposes this motion. Specifically, Plaintiffs consent, and Defendants take no position on the motion and leave the motion to the Court's discretion. The official-capacity federal defendants and individual-capacity federal defendants further specified that in the event *amici* are permitted to file a brief, they reserve their right to seek additional pages and an extension of time on their replies in support of their motions to dismiss (or, for Officer Seiberling, an extension of time on her motion to dismiss or her reply thereto), if needed, to respond to the amicus brief. The proposed amicus brief is attached as Exhibit 2 to this motion.

Proposed *amici* are scholars whose research and teaching focus on federal courts, remedies, and the jurisprudence developed under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Carlos M. Vázquez is Professor of Law at Georgetown University Law Center. He has written extensively on sovereign immunity and official liability for constitutional violations, including *Bivens* claims. He is a member of the American Law Institute and served as an adviser to the Restatement (Fourth) of Foreign Relations Law. He has also served as chair of the Federal Courts section of the Association of American Law Schools. He teaches Federal Courts and the Federal System, Conflict of Laws, and Transnational Litigation, among other courses.

Anya Bernstein is Professor of Law at SUNY Buffalo Law School. She has written about *Bivens* actions and congressional legislation; statutory interpretation; and administrative law and practice in the United States and in comparative perspective. She teaches civil procedure, administrative law, and legislation.

James E. Pfander is the Owen L. Coon Professor of Law at Northwestern Pritzker School of Law. He has written extensively on federal and state sovereign immunity, the early republic origins of official liability and indemnity, *Bivens* litigation, and the modern law of qualified immunity. A member of the American Law Institute, Pfander has served as the chair of the sections on civil procedure and federal jurisdiction of the Association of American Law Schools. He teaches conflicts of law and federal jurisdiction, among other subjects.

Stephen I. Vladeck holds the Charles Alan Wright Chair in Federal Courts at the University of Texas School of Law. He has written extensively on government accountability, and *Bivens* remedies in particular, and has argued three cases before the U.S. Supreme Court, including *Hernández v. Mesa*, 140 S. Ct. 735 (2020). He is an elected member of the American Law Institute, and co-editor of WoltersKluwer's leading *National Security Law* and *Counterterrorism Law* casebooks; he has served as chair of the Association of American Law Schools Section on Federal Courts; and he teaches Federal Courts and constitutional law, among other courses.

Regarding "why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case," Local Rule 7(o)(2), the proposed amicus brief provides relevant historical background and context about the common law roots of the *Bivens* remedy for violations of the Constitution by federal officers. *Amici* do not repeat Plaintiffs' contentions that Defendant Barr's arguments fail under the two-step analytical approach set forth in the Supreme Court's cases. *See* Pls.' Opp'n to Mot. to Dismiss, Dkt. No. 98, at 40–54 (Nov. 19, 2020) ("Pls.' Opp'n"). Rather, *amici* write separately to emphasize that from the vantage point of the early Republic, there was nothing exceptional or disfavored about extra-statutory remedies to redress federal officers' violation of the Constitution. At the founding, common law damages remedies were routinely available to redress such official misconduct. These non-statutory remedies were made available not only by state law, but also—until *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)—by general common law developed in federal courts. Viewed against this historical backdrop, *Bivens* is best understood not as creating a novel non-statutory remedy, but as confirming an existing one within federal law, alongside state torts.

For these reasons, *amici* respectfully request that this unopposed motion be granted and that they be permitted to file the proposed amicus brief, as provided in the proposed order attached as Exhibit 1 to this motion.

Dated: November 30, 2020          Respectfully Submitted,

/s/Hyland Hunt
Hyland Hunt (D.C. Bar No. 999276)
Ruthanne M. Deutsch (D.C. Bar No. 498091)
DEUTSCH HUNT PLLC
300 New Jersey Ave. NW, Suite 900
Washington, DC 20001
Phone: (202) 868-6915
Fax: (202) 609-8410
hhunt@deutschhunt.com

Counsel for *Amici Curiae*

## CERTIFICATE OF SERVICE

On November 30, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the court. I hereby certify that I have served counsel for all parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Hyland Hunt<br>
Hyland Hunt