IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., et al., *Plaintiffs*, v. DONALD J. TRUMP, et al. *Defendants*. | No. 1:20-cv-01469-DLF |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO DEFENDANT BARR'S MOTION TO DISMISS**

Plaintiffs respectfully submit this notice of supplemental authority to call the Court's attention to the Supreme Court's recent unanimous decision in *Tanzin v. Tanvir*, No. 19-71, 2020 WL 7250100 (U.S. Dec. 10, 2020). This case further supports several of Plaintiffs' arguments regarding the availability of a *Bivens* claim. *See* ECF 98 (Pls.' Opp. To Def. Barr's, Federal Official-Capacity Defs.', and D.C. Defs.' Mots. To Dismiss). at 40-41, 50.

First, *Tanzin* bolsters Plaintiffs' argument that *Bivens* is a remedy with deep historical roots that Defendant Barr cannot lightly cast aside. *See id.* at 40-41. *Tanzin* addressed the question whether a statute (the Religious Freedom Restoration Act), in authorizing plaintiffs to sue for "appropriate relief," included damages as an available remedy. *See Tanzin*, 2020 WL 7250100, at *4-*5. Although *Tanzin* is not a *Bivens* case, its analysis of the term "appropriate relief" canvassed the same history on which Plaintiffs rely here and drew a conclusion that squarely supports Plaintiffs' point, relying on the work of one of Plaintiff's amici in this case:

> In the context of suits against Government officials, damages have long been awarded as appropriate relief. In the early Republic, "an array of writs ... allowed individuals to test the legality of government conduct by filing suit against government officials" for money damages "payable by the officer." Pfander &

1

> Hunt, *Public Wrongs and Private Bills: Indemnification and Govt Accountability in the Early Republic*, 85 N. Y. U. L. Rev. 1862, 1871–1875 (2010); *see id.*, at 1875, n. 52 (collecting cases). These common-law causes of action remained available through the 19th century and into the 20th. *See, e.g., Little v. Barreme*, 6 U.S. (2 Cranch) 170 (1804); *Elliott v. Swartwout*, 35 U.S. (10 Pet.) 137 (1836); *Mitchell v. Harmony*, 54 U.S. (13 How.) 115 (1852); *Buck v. Colbath*, 70 U.S. (3 Wall.) 334 (1866); *Belknap v. Schild*, 161 U.S. 10 (1896); *Philadelphia Co. v. Stimson*, 223 U.S. 605, 619–620 (1912) ("The exemption of the United States from suit does not protect its officers from personal liability to persons whose rights of property they have wrongfully invaded").

*Id.* at *4; *accord* ECF 120 (Br. of Fed. Courts Scholars As Amici Curiae) (filed on behalf of James Pfander, among others), at 6-16. Based on this historical analysis, the Court rejected the government's argument that "damages [awards] against government officials ... raise separation-of-powers concerns," because "this exact remedy has coexisted with our constitutional system since the dawn of the Republic." *Tanzin*, 2020 WL 7250100, at *5. That point underscores that, even if the Supreme Court has rejected particular applications of *Bivens* that raise discrete concerns, the core idea of *Bivens* is one that is firmly embedded in, and enjoys strong support from, our nation's legal history.

Second, *Tanzin* supports Plaintiffs' argument that *Bivens* does not pose an inherent separation-of-powers problem because Congress has embraced it through the FTCA amendments in 1974 and the Westfall Act of 1988. *See* ECF 98, at 41 & n.4. Describing the FTCA amendments of 1974, the Supreme Court long ago found it "crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Carlson v. Green*, 446 U.S. 14, 20 (1980). And in *Tanzin*, the Supreme Court recognized the similar import of the Westfall Act, noting that "damages against federal officials remain an appropriate form of relief today" because while the Westfall Act "foreclosed common-law claims for damages against federal officials, it left open claims for constitutional violations." 2020 WL 7250100, at *4. Thus, contrary to Defendant Barr's contention that a *Bivens* action in the context of violence by federal officials at a domestic political

2

demonstration would raise separation-of-powers concerns, ECF 76, at 6-7, refusing to recognize that there can be a damages claim for constitutional violations would *ignore* Congress's view on the subject.

Relatedly, the observation that the Westfall Act reflects Congress's acceptance of *Bivens* supports Plaintiffs' argument as to why the absence of specific protestors'-rights legislation should not trouble the Court. As Plaintiffs have explained, Congress would not have thought it needed to legislate to protect Plaintiffs' rights in circumstances like these. The Supreme Court recognized a damages remedy for unconstitutional conduct, and Congress has twice endorsed it, including via the Westfall Act. *See* ECF 98, at 50. *Tanzin* confirms Plaintiffs' understanding of the Westfall Act. *See* 2020 WL 7250100, at *5. Further, the Court went on to explain that it is not courts' job "to create a new policy-based presumption against damages for individual officials," as there are "no constitutional reasons why [the Court] must do so." *Id*. Thus, Congress's failure to enact a specific statutory remedy for Plaintiffs does not, as Defendant Barr would have it, *see* ECF 76, at 16-21, provide a reason to withhold the remedy that the Supreme Court recognized, and that Congress embraced.

In sum, *Tanzin* shows that considerations of history and respect for coordinate branches of government support the recognition of a *Bivens* remedy here.

December 14, 2020

Jon Greenbaum (D.C. Bar No. 489887)
Arthur Ago (D.C. Bar No. 463681)
David Brody (D.C. Bar No. 1021476)
Arusha Gordon (D.C. Bar No. 1035129)
Noah Baron (D.C. Bar No. 1048319)
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org

John A. Freedman (D.C. Bar No. 453075)
David E. Kouba (D.C. Bar No. 483145)
Thomas D. McSorley (D.C. Bar No. 1001890)
Sonia Tabriz (D.C. Bar No. 1025020)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20004
(202) 942-5000
John.Freedman@arnoldporter.com

*Not a D.C. Bar member; practicing under supervision pursuant to D.C. App. R. 49(c)(8A)*

Respectfully submitted,

/s/ Scott Michelman
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 1601047)
Kayla Scott*
Megan Yan*
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 0005
(202) 457-0800
smichelman@acludc.org

Kaitlin Banner (D.C. Bar No. 1000436)
Tristin Brown (D.C. Bar No. 1671642)
Dennis Corkery (D.C. Bar No. 1016991)
Hannah Lieberman (D.C. Bar No. 336776)
Jonathan Smith (D.C. Bar No. 396578)
Washington Lawyers' Committee for Civil
    Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, D.C. 20005
(202) 319-1000
kaitlin_banner@washlaw.org

*Counsel for Plaintiff*

4