## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BLACK LIVES MATTER D.C., et al.,

      *Plaintiffs*,

  v.

JOSEPH R. BIDEN, et al.

      *Defendants*.

No. 1:20-cv-01469-DLF

## PLAINTIFFS' RESPONSE TO UNITED STATES' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Jon Greenbaum (D.C. Bar No. 489887)
Arthur Ago (D.C. Bar No. 463681)
David Brody (D.C. Bar No. 1021476)
Arusha Gordon (D.C. Bar No. 1035129)
Noah Baron (D.C. Bar No. 1048319)
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org

John A. Freedman (D.C. Bar No. 453075)
David E. Kouba (D.C. Bar No. 483145)
Thomas D. McSorley (D.C. Bar No. 1001890)
Sonia Tabriz (D.C. Bar No. 1025020)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20004
(202) 942-5000
John.Freedman@arnoldporter.com

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 1601047)
Megan Yan[*] (D.C. Bar No. 1735334)
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
smichelman@acludc.org

Kaitlin Banner (D.C. Bar No. 1000436)
Tristin Brown (D.C. Bar No. 1671642)
Dennis Corkery (D.C. Bar No. 1016991)
Jonathan Smith (D.C. Bar No. 396578)
Washington Lawyers' Committee for Civil
Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, D.C. 20005
(202) 319-1000
kaitlin_banner@washlaw.org

May 26, 2021

*Counsel for Plaintiff*

---

[*] In accordance with D.D.C. Local Civil Rule 83.2(g), this attorney certifies that she is a member in good standing of the D.C. Bar, is providing representation without compensation, and is personally familiar with the Local Rules of this Court.

Plaintiffs' claims for injunctive relief are not moot. Far from carrying their heavy burden of demonstrating that the allegedly wrongful behavior could not reasonably be expected to recur, the Official-Capacity Federal Defendants have simply pointed to a change in administration. They have provided no assurance whatsoever—through affidavit, policy change, or even public statement—that they understand that the attack Plaintiffs suffered on June 1, 2020, was unwarranted and will not recur because it was unlawful and wrong. Furthermore, despite the change in administration, some Official-Capacity Federal Defendants remain in their offices.

## LEGAL STANDARD

A party's voluntary cessation of a challenged practice does not moot a claim unless the party demonstrates "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely or irrevocably eradicated the effects of the alleged violation." *Zukerman v. U.S. Postal Service*, 961 F.3d 431, 442 (D.C. Cir. 2020) (citations and internal quotation marks omitted). Critically, the party urging mootness "bears the 'heavy burden'" of making this showing. *Id*. at 441. Official-Capacity Federal Defendants have failed to carry that burden here.

## ARGUMENT

I. **Official-Capacity Federal Defendants Fail to Meet Their Heavy Burden To Show Mootness Because They Provide No "Firm Representations" And Fail to Address Ongoing Effects on Plaintiff Black Lives Matter D.C.**

Official-Capacity Federal Defendants rely on a single "changed circumstance": the replacement of several high-level officials. ECF 155 ("U.S. Supp. Br."), at 3-7. But this fact cannot carry their "heavy burden." At the outset, Defendants go awry in arguing about what Plaintiffs' "complaint fails to provide," U.S. Supp. Br. 5, and about "evidence" to which "Plaintiffs do not point," *id.* at 6. That approach turns the mootness inquiry upside down. The burden of

demonstrating mootness here is on the government, which cannot "attempt[] to foist its burden onto [Plaintiffs]." *Hardaway v. D.C. Housing Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016). Defendants emphasize Plaintiffs' arguments about the absence of a "policy," U.S. Supp. Br. 8, but that claim too misunderstands the voluntary-cessation inquiry, which is not limited to policies. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

A change in administration does not "ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citation omitted). Successors in official-capacity suits are "automatically substituted" as parties, Fed. R. Civ. P. 25(d), because "effective relief would call for corrective behavior by the one then having official status and power." Advisory Comm. Notes to Rule 25. The substituted Defendants here have that official status and power yet have provided *no substantive indication* that the unlawful behavior will not recur.

The core problem for Defendants is that they have not identified any policy changes, sworn declarations, or even public statements by current officials to support their assertion that the threat faced by Plaintiffs no longer exists. Defendants fail even their own articulation of the standard: Even if mootness could be found where former "tweets have been 'not only erased but utterly repudiated by this change in administration,'" U.S. Supp. Br. 5 (quoting *W. States Ctr., Inc. v. Dep't of Homeland Sec.*, 2021 WL 1896965, at *1 (D. Or. May 11, 2021)), Defendants have pointed to no evidence of such repudiation here. Defendants insist "there is no reason to consider successors-in-office to be successors-in-conduct," *id.* at 3, but they cannot carry their burden on mootness with artful phrasing alone. Just last week, the D.C. Circuit explained that an affidavit from the government that "did not purport to speak for the affiant's superiors in the agency, nor . . . pledge future compliance by agency officials who were authorized to offer such an assurance" is not a "firm representation[]" providing "sufficient assurance" that conduct will not recur. *Porup*

*v. CIA*, No. 20-5144, 2021 WL 2021615, at *6 (D.C. Cir. May 21, 2021) (discussing *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 492 (D.C. Cir. 1988)); *see also People for the Ethical Treatment of Animals v. U.S. Dep't of Ag.*, 918 F.3d 151, 158 (D.C. Cir. 2019) (holding that an agency's letter did not "express [its] position clearly enough" to make clear that allegedly wrongful behavior could not reasonably be expected to recur even after "credit[ing] a presumption of regularity afforded to government parties"); *Kifafi v. Hilton Hotels Retirement Plan*, 701 F.3d 718, 725 (D.C. Cir. 2012) (no mootness where party's argument "boils down to its promise not to" engage in challenged conduct).

   If the government does not carry its burden on mootness "when it offer[s] only modest assurance . . . that the contested practice will not be reinstated," *Payne Enters.*, 837 F.2d at 492, then the government has necessarily failed to carry its burden where, as here, it has offered no assurances at all. Without repudiations or policy changes, Defendants remain empowered to "return to [their] old ways," *Friends of the Earth*, 528 U.S. at 189 (internal citation omitted), and deploy violence against peaceful demonstrators. *See Index Newspapers, LLC v. City of Portland*, 480 F. Supp. 3d 1120, 1141 (D. Or. 2020) (holding that voluntary change in enforcement tactics did not moot claim in part because it was "not part of any clear or codified procedures" and "could easily be abandoned or altered in the future"). Thus, they have failed to demonstrate that there is no reasonable expectation that the violations will recur. The implication raised by a change in administration is, at most, "a meager 'promise'" and "courts never permit parties to deprive them of jurisdiction through a mere 'wave of [the] hand.'" *Hardaway*, 843 F.3d at 980 (quoting *Kifafi*, 701 F.3d at 724, 725).

   Additionally, Defendants have failed to show that the change in administration has completely or irrevocably eradicated the effects of the violation because they do not address the

present, ongoing injury faced by Black Lives Matter D.C. (BLMDC). ECF 98 (Pls.' Opp'n to U.S., Barr & D.C. MTDs), at 60-65. As a result of Defendants' conduct, BLMDC is diverting resources to "assess[] and plan[] for potential violence by police," and to meet "increased needs for medical support and supplies to counteract the effects of chemical agents." ECF 52 (Third Amended Complaint) ¶ 126a. The diversion of resources to "assess[] safety considerations" has reduced BLMDC's capacity to carry out its usual activities and "*is curtailing* the organization's capacity to fulfill its mission." *Id.* ¶ 127 (emphasis added). Thus, the "[r]elevant [i]njury [i]s [o]ngoing," and Defendants have said nothing at all about these continued effects, let alone carried their heavy burden of demonstrating that interim events have "completely eradicated" them. *Zukerman*, 961 F.3d at 442-43. Thus, BLMDC's claims for injunctive relief are "emphatically not moot." *Id.* at 443; *see also Doe v. Harris*, 696 F.2d 109, 113 (D.C. Cir. 1982) (finding it "far from plain" that effects of an alleged violation were completely and irrevocably eradicated where a plaintiff "complains of past and continuing harm").

## II.   There Remains Significant Continuity in Official-Capacity Federal Defendants.

Even if, contrary to the precedent cited, changes in personnel alone could moot a claim, two Official-Capacity Federal Defendants—Director of the U.S. Secret Service James M. Murphy and Director of the Federal Bureau of Prisons Michael Carvajal—remain in office. More specific to the events at issue here, Anthony Ornato, a top Secret Service official involved in organizing the photo opportunity connected to the June 1, 2020 attack, *see* ECF 52 (Third Amended Complaint) ¶ 80, recently returned to the Secret Service, where "he now directs the agency's training efforts." Nick Schwellenbach & Adam Zagorin, *Pulling Punches: Trump-Appointed Watchdog Suppressed White House Related Probes*, Project on Government Oversight (Apr. 20, 2021), https://www.pogo.org/investigation/2021/04/pulling-punches-trump-appointed-watchdog-

suppressed-white-house-related-probes/ (last accessed May 25, 2021). Promoting an official centrally involved in the events of June 1 to a role training others is the antithesis of the type of "repudiat[ion]" Defendants would like to conjure out of the fact of a change in administration—to say nothing of the type of "firm representations" that the D.C. Circuit has demanded as recently as last week. *Porup*, 2021 WL 2021615, at *6.

Finally, the actions of June 1 do not exist in a vacuum. The U.S. Park Police's failure to provide audible warnings on June 1 violated a previous class action settlement arising out of a violation of demonstrators' rights. *See Barham v. Ramsey*, No. 02-cv-2283-EGS (D.D.C.), ECF No. 1040 (July 7, 2015) (requiring USPP to provide audible warnings before surrounding or enclosing a group of demonstrators and preventing them from leaving the area). More broadly, the government's violent attacks on June 1 "recall those that activists have historically encountered when protesting violence against Black people," ECF 116 (*Amicus Curiae* Br. of Veterans of the Civil Rights Movement and Civil Rights Leaders), at 21. This history spans decades, political parties, and numerous changes in administration. *Id.* at 21-25. In the face of the significant continuity of "danger that has always faced activists seeking equality for Black Americans," *id.* at 25, one election hardly changes circumstances enough to extinguish Plaintiffs' claims for injunctive relief.

## CONCLUSION

Plaintiffs' injunctive relief claims are not moot. The motion to dismiss Plaintiffs' claims for injunctive relief against the Official-Capacity Federal Defendants should be denied.

May 26, 2021

Jon Greenbaum (D.C. Bar No. 489887)
Arthur Ago (D.C. Bar No. 463681)
David Brody (D.C. Bar No. 1021476)
Arusha Gordon (D.C. Bar No. 1035129)
Noah Baron (D.C. Bar No. 1048319)
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org

John A. Freedman (D.C. Bar No. 453075)
David E. Kouba (D.C. Bar No. 483145)
Thomas D. McSorley (D.C. Bar No. 1001890)
Sonia Tabriz (D.C. Bar No. 1025020)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20004
(202) 942-5000
John.Freedman@arnoldporter.com

Respectfully submitted,

/s/ Scott Michelman
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 1601047)
Megan Yan[*] (D.C. Bar No. 1735334)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
smichelman@acludc.org

Kaitlin Banner (D.C. Bar No. 1000436)
Tristin Brown (D.C. Bar No. 1671642)
Dennis Corkery (D.C. Bar No. 1016991)
Jonathan Smith (D.C. Bar No. 396578)
Washington Lawyers' Committee for Civil
    Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, D.C. 20005
(202) 319-1000
kaitlin_banner@washlaw.org

*Counsel for Plaintiffs*

---

[*] In accordance with D.D.C. Local Civil Rule 83.2(g), this attorney certifies that she is a member in good standing of the D.C. Bar, is providing representation without compensation, and is personally familiar with the Local Rules of this Court.