UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLACK LIVES MATTER D.C.,, et al.,

    *Plaintiffs*,

v.

DONALD J. TRUMP, et al.,

    *Defendants*.

No. 1:20-cv-01469-DLF

**JOINT MOTION TO STAY**

Plaintiffs and Defendants in the above-titled action (collectively, the "Parties") respectfully request that this Court enter a stay in this action, including staying all pretrial deadlines, for 60 days after entry of the [Proposed] Order so that the Parties may engage in settlement negotiations in an attempt to resolve this action. The Parties state the following in support of their motion:

1. On June 21, 2021, this Court granted in part and denied in part Defendants' motions to dismiss. ECF 159, 160. On the same day, the Court also granted in part and denied in part Defendants' motions to dismiss three other cases pertaining to the same incident—*Buchanan v. Trump*, No. 20-cv-1542; *Roth v. Trump*, No. 20-cv-1622; and *Kavanagh v. Trump*, No. 20-cv-2163.

2. Since the date of the Court's decision, Plaintiffs have been preparing to file a motion asking the Court to enter a Rule 54(b) final judgment on the Court's Order dismissing certain claims and parties or, in the alternative, seeking permission from the Court to appeal the dismissal of certain claims pursuant to 28 U.S.C. § 1292(b). Plaintiffs have also been considering whether to move for leave to amend their complaint to try to restore certain claims in light of the Court's June 21 ruling.

1

3. Defendants have asked the Plaintiffs in this case and the three related ones to consent to a stay so that the Parties can engage in meaningful settlement discussions. In response, all Plaintiffs agreed to Defendants' request in good faith. In so doing, Plaintiffs have specifically relied on Defendants' express understanding that, should the settlement talks fail to resolve the case, Plaintiffs reserve the right to then file any motions pertaining to the dismissed claims. In agreeing to a stay, Plaintiffs have further relied on representations from Defendants that none of them will use the delay occasioned by the stay (or the time spent seeking it) to contest the timeliness of any such motions or to argue that the filing of such a motion was at all untimely, undiligent, or delayed in any way. Defendants reserve their rights to oppose any such motions on other grounds.

4. This Court has broad discretion to enter a stay incidental to its power to control its own docket—particularly where, as here, a stay would promote judicial economy and efficiency. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (internal quotation marks omitted).

5. Accordingly, the Parties jointly move this Court for an order staying this action for 60 days after entry of the [Proposed] Order to allow the Parties to engage in settlement discussions, after which time the Parties propose to file a joint status report on how to proceed. This stay will facilitate settlement efforts and prevent unnecessary expenditures of the Parties' and judicial resources.

6. The Parties agree that the relief sought in this motion is necessary to handle the case in the most economical fashion. The relief sought is not being requested for delay, but so that justice may be done.

7. The Parties jointly and respectfully request that the Court enter the attached [Proposed] Order.

Dated:   July 13, 2021    Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 1601047)
American Civil Liberties Union Foundation
   of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 0005
(202) 601-4267
smichelman@acludc.org

Jon Greenbaum (D.C. Bar No. 489887)
Arthur Ago (D.C. Bar No. 463681)
David Brody (D.C. Bar No. 1021476)
Arusha Gordon (D.C. Bar No. 1035129)
Noah Baron (D.C. Bar No. 1048319)
Lawyers' Committee for Civil Rights Under
   Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org

Kaitlin Banner (D.C. Bar No. 1000436)
Tristin Brown (D.C. Bar No. 1671642)
Dennis Corkery (D.C. Bar No. 1016991)
Jonathan Smith (D.C. Bar No. 396578)
Washington Lawyers' Committee for Civil
   Rights and Urban Affairs
700 14th Street, NW, Suite 400
Washington, D.C. 20005
(202) 319-1000
kaitlin_banner@washlaw.org

John A. Freedman (D.C. Bar No. 453075)
David E. Kouba (D.C. Bar No. 483145)
Thomas D. McSorley (D.C. Bar No. 1001890)
Sonia Tabriz (D.C. Bar No. 1025020)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20004
(202) 942-5000
John.Freedman@arnoldporter.com

*Counsel for Plaintiffs*

CHANNING D. PHILLIPS
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ *Christopher C. Hair*
CHRISTOPHER C. HAIR
PA Bar No. 306656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
christopher.hair@usdoj.gov

*Counsel for the United States*

KARL A. RACINE
Attorney General for the District of Columbia

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Acting Deputy Attorney General
Public Interest Division

*/s/ Duane Blackman*
DUANE BLACKMAN[*]
RICHARD SOBIECKI [500163]

---

[*]     Admitted to practice only in the State of New York.  Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, under LCvR 83.2(f).

4

BRENDAN HEATH [1619960]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 805-7640; (202) 805-7512;
(202) 442-9880
Fax: (202) 703-0646
duane.blackman@dc.gov;
richard.sobiecki@dc.gov;
brendan.heath@dc.gov

*Counsel for District of Columbia Defendants*