## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C. *et al.*,<br>    *Plaintiffs*,<br>    v.<br>DONALD J. TRUMP *et al.*,<br>    *Defendants.* | No. 20-cv-1469 (DLF) |
| RADIYA BUCHANAN *et al.*,<br>    *Plaintiffs*,<br>    v.<br>DONALD J. TRUMP *et al.*,<br>    *Defendants.* | No. 20-cv-1542 (DLF) |

## <u>ORDER</u>

On June 21, 2021, the Court granted in part and denied in part the defendants' motions to dismiss in these related cases.  Order, Dkt. 159 (20-cv-1469); Order, Dkt. 68 (20-cv-1542).  In that order, the Court dismissed all claims against the individual-capacity federal defendants. *Id.* at 2–3.  The Court dismissed some claims against the official-capacity federal defendants, the District of Columbia defendants, and the Virginia defendants. *Id.*  At the request of the parties,, these cases have been stayed while the plaintiffs and the official-capacity federal defendants engaged in settlement discussions  *See* Minute Order of July 14, 2021.  On April 13, 2022, the parties informed the Court that they had reached a settlement.  Notice of Filing of Settlement, Dkt. 182 (20-cv-1469); Notice of Settlement, Dkt. 86 (20-cv-1542).  The plaintiffs now seek entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b).  Pls.' Unopposed Mot. for Entry of Partial Final J. or for Certification

of Interlocutory Appeal, Dkt. 184 (20-cv-1469); Plaintiffs' Unopposed Mot. for Entry of Rule 54(b) Final J., or, in the Alternative, to Certify Order and J. for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Case Pending Appeal, Dkt. 89 (20-cv-1542).  The individual-capacity federal defendants consent to this motion, and the District of Columbia and Virginia defendants do not oppose it so long as the case remains stayed pending appeal.  *See id.*  The deadline for oppositions to this motion was May 11, 2022, *see* Minute Order of April 14, 2022, and none have been filed.  Accordingly, the motion is ripe for resolution.

   Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  This is in contrast to the standard rule, which provides that "a 'final decision'" for the purposes of an appeal "ordinarily must resolve every claim of every party in a case."  *Attias v. CareFirst, Inc.*, 969 F.3d 412, 416 (D.C. Cir. 2020) (citing *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020)).  There are "three requirements for an otherwise interlocutory order to be certified as a final judgment: (1) the order must resolve a distinct 'claim for relief'; (2) the order must be 'final' with respect to that claim; and (3) the district court must permissibly determine that there is 'no just reason for delay' in entering judgment."  *Id.* at 417 (citation omitted).  Here, the June 21 Order completely resolved the *Bivens* claims against all the individual-capacity federal defendants by dismissing them entirely.  These defendants were the only ones against whom *Bivens* claims had been asserted.  Accordingly, they were "distinct 'claim[s] for relief,'" *id.*, that were definitively and completely resolved.  Thus, the plaintiffs' request satisfies the first two

prongs for entry of partial final judgment.

To determine whether there is "no just reason for delay," the Court must "consider[] the 'judicial administrative interests as well as the equities involved.'" *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).  The judicial administrative interests are "avoiding piecemeal appeals of claims that are not truly 'separable' and . . . avoiding decision of 'the same issues more than once even if there were subsequent appeals.'" *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 44, 46 (D.D.C. 2008) (quoting *Curtiss-Wright*, 446 U.S. at 8–9).  "The equities consider the impact of delayed review on the parties." *Id.* (citing *Curtiss-Wright*, 446 U.S. at 9–10).  Here, there will not be piecemeal appeals of claims that are not separable because the plaintiffs do not bring *Bivens* claims against the non-appealing defendants.  For the same reason, the D.C. Circuit will not be faced with deciding the same issues more than once.  Under the equities analysis, delayed review would cause duplicative discovery if the D.C. Circuit disagrees with this Court on the dismissal of the *Bivens* claims against the individual-capacity federal defendants.  Thus, this Court concludes that there is no just reason for delay.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Unopposed Motion for Entry of Partial Final Judgment, Dkt. 184 (20-cv-1469), is **GRANTED**.  It is further

**ORDERED** that the plaintiffs' Unopposed Motion for Entry of Partial Final Judgment, Dkt. 89 (20-cv-1542), is **GRANTED**.  It is further

**ORDERED** that the plaintiffs' Unopposed Motion for Certification of Interlocutory Appeal, Dkt. 184 (20-cv-1469), is **DENIED AS MOOT**.  It is further

**ORDERED** that the plaintiffs' Unopposed Motion for Certification of Interlocutory

Appeal, Dkt. 89 (20-cv-1542), is **DENIED AS MOOT**.  It is further

       **ORDERED** that the plaintiffs' Unopposed Motion for Stay Pending Appeal, Dkt. 184

(20-cv-1469), is **GRANTED**.  Accordingly, it is hereby **ORDERED** that *Black Lives Matter*

*D.C. et al. v. Trump et al.*, 20-cv-1469, is **STAYED** pending appeal.  It is further

       **ORDERED** that the plaintiffs' Unopposed Motion for Stay Pending Appeal, Dkt. 89

(20-cv-1542), is **GRANTED**.  Accordingly, it is hereby **ORDERED** that *Buchanan et al. v.*

*Trump et al.*, 20-cv-1542, is **STAYED** pending appeal.

       A separate judgment will be entered.

       **SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

May 16, 2022