UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br> DONALD J. TRUMP, *et al.*,<br><br>  Defendants. | No. 20-cv-1469 (DLF) |

| | |
|---|---|
| RADIYA BUCHANAN, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br> DONALD J. TRUMP, *et al.*,<br><br>  Defendants. | No. 20-cv-1542 (DLF) |

## NOTICE BY A NON-PARTY, THE UNITED STATES OF AMERICA, REGARDING CONSOLIDATION

On March 14, 2024, the Court issued a Minute Order that required the parties to show cause why this Court should not consolidate *Black Lives Matter D.C., et al. v. Trump, et al.*, No. 20-cv-1469, and *Buchanan, et al., v. Trump, et al.*, No. 20-cv-1542. Pursuant to 28 U.S.C. § 517,[1] the

---

[1] Section 517 states that "any officer of the Department of Justice[] may … attend to the interest of the United States in a suit pending in a court of the United States." The statute confers broad and unreviewable discretion of the Department of Justice. *See Falkowski v. EEOC*, 783 F.2d 252, 253 (D.C. Cir. 1986) (per curiam), cert. denied, 478 U.S. 104 (1986). This Notice is filed solely on behalf of the United States to protect its interests and to further the orderly administration of justice. It should not be construed as subjecting the United States to the jurisdiction of the Court. Nothing contained herein should be construed as a waiver or other limitation of any defense that may be available to the United States if it is substituted for any Federal Defendant.

United States of America, through undersigned attorneys, respectfully submits this Notice to advise the Court that it does not oppose consolidation of the above-captioned cases for purposes of discovery and other pretrial proceedings.

## BACKGROUND

In the present actions, plaintiffs filed suit against multiple defendants alleging that they sustained various injuries when law enforcement officers cleared protestors from Lafayette Square on June 1, 2020. *See Black Lives Matter D.C., et al. v. Trump, et al.*, No. 20-cv-1469 (DLF), 2024 U.S. Dist. Lexis 43911, at *8 (D.D.C. Mar. 14, 2024) ("BLMDC").  On November 13, 2023, plaintiffs sought leave to amend their respective complaints in both actions. *Id*. at *11.  In their latest proposed complaint, the Black Lives Matter D.C. plaintiffs sought, *inter alia*, to add claims against the United States under the Federal Tort Claims Act (FTCA).[2] *Id*. at *11.  In *Buchanan*, plaintiffs likewise sought to add FTCA claims against the United States. *Id*. at *12.  On March 13, 2024, this Court granted the motions in part and denied them in part, allowing the plaintiffs in both cases to amend their complaints to add FTCA claims against the United States.  In its ruling, the Court explained that the United States was not yet a party in either case and could not be joined until the Court granted the motion to add it. *Id*. at *13.  The Court also issued a Minute Order ordering the parties to show cause why the cases should not be consolidated.  The Court subsequently granted the parties an extension of seven days to respond to the Court's Minute Order.

---

[2] This motion does not address any issues related to the named non-Federal defendants in both cases.

As the Court observed, the United States has not yet been joined as a party in either *BLMDC* or *Buchanan*. *Id*. at *13. In fact, Plaintiffs are not required to file their respective amended complaints until April 12, 2024. *Id*. at *31.

## THE UNITED STATES' POSITION

**The United States Does Not Oppose Consolidation of the Cases for Discovery and Pretrial Proceedings, But the Court Should Reserve Judgment as to Whether to Consolidate the Cases for Trial or to Order Separate Trials of the Damages Claims of Each Plaintiff.**

Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases involving "a common question of law or fact." Fed. R. Civ. P. 42(a). "The decision to consolidate rests within the court's broad discretion." *Leopold v. United States DOJ*, Case No. 21-cv-0558 (APM), 2021 U.S. Dist. LEXIS 97526, at *2 (D.D.C. May 24, 2021) (internal citations omitted). "In deciding whether consolidation is appropriate, the court should weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common and factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding, with separate lawsuits if they are not consolidated." *Id*.

Although plaintiffs in both cases allege damages arising out of events that occurred on the same date – June 1, 2020 – in Lafayette Square, the FTCA allegations in these cases collectively involve eleven different individual plaintiffs, and the circumstances surrounding the claims for each individual plaintiff differ in at least three significant ways. First, the incidents that gave rise to each plaintiff's claim are separate and distinct. Second, the plaintiffs' damages claims are distinct from one another as plaintiffs allege injuries ranging from breathing difficulties because of chemical irritants to permanent physical injuries. Such varying claims would require distinct evidentiary support to substantiate plaintiffs' damages. Third, the cases and alleged incidents involve different defendants. In fact, certain plaintiffs' allegations indicate that their alleged

injuries were sustained because of conduct by law enforcement personnel who were *not* federal employees.

For example, in *BLMDC*, Plaintiff Sanders claims that she teared up because of chemical irritants and that, like Plaintiff J.N.C., she suffered mental injuries from having to flee tear gas as they ran to their car.  *See* ECF No. 191-2 of *BLMDC* Docket, Proposed Fourth Amended Class Action Complaint (redlined), at ¶¶ 121-123.  Plaintiff McDonald alleges that he inhaled tear gas, has ongoing anxiety, and limited mobility in his elbow and one of his fingers.  *Id*.  ¶¶ 130-131.  While Plaintiff Bond claims emotional stress, *id*. ¶ 139, Plaintiff Scallan alleges that she was physically injured from being struck with rubber bullets.  *Id*. ¶¶ 144-148.  Plaintiff Poteet alleges that she was physically injured and suffered from anxiety. *Id*. ¶¶ 155, 157, 159.  Lastly, Plaintiff Foley alleges that he developed anxiety disorder and a "reactive airway disease" and E.X.F. alleges that she sustained mental trauma.  *Id*. ¶¶ 181-182.  Aside from the claims of the individual plaintiffs, Black Lives Matter D.C. claims that the defendants' actions have frustrated the organization's mission to fight injustice by chilling its members from demonstrating and instilling fear in those who participate in demonstrations. *Id*.  ¶¶ 110-114.  In *Buchanan*, Plaintiffs Buchanan and Dagrin claim that chemical irritants affected their eyes and breathing, and that they experienced emotional distress.  *See* ECF No. 101-2 of *Buchanan* Docket, Proposed Second Amended Complaint (redlined), at ¶¶ 74, 85.  Plaintiff Field alleges that she was struck with a rubber bullet.  *Id*. ¶ 98.

With respect to the alleged conduct of federal employees, the federal defendants in each case are different.  The *BLMDC* amended complaint, as proposed, will involve several individually named federal defendants, while in *Buchanan*, the only individually named federal defendant will be the former President.  The only common defendant in the two cases would be the United States.

Moreover, besides a conclusory allegation that they sustained damages, Plaintiffs' latest allegations do not identify a specific named law enforcement officer defendant who caused plaintiffs' alleged injuries.  Nor do the complaints indicate where the different plaintiffs were in relation to officers when officers allegedly used unreasonable force to disperse them.  Meanwhile, Plaintiffs Buchanan and Dagrin allege that non-federal officers caused their injuries.  *Id.* ¶ 74.

For all these reasons, it is unknown whether consolidating such disparate claims for trial would lead to confusion or prejudice to the Federal Defendants as a result of the numerous differences relating to the claims and damages of each plaintiff.  At this stage of the proceedings, it is premature to determine whether consolidating the cases for trial purposes would serve judicial economy, and whether any benefits of consolidation of the cases for trial would outweigh the risk of prejudice.  Accordingly, the United States does not oppose consolidation of the cases only for discovery and other pretrial proceedings.  Once discovery is substantially complete, the parties will be in a better position to provide the Court with their positions on whether consolidation for trial would serve the interests of justice.

Dated: March 27, 2024                                   Respectfully submitted,


                                                        BRIAN M. BOYNTON
                                                        Principal Deputy Assistant Attorney General
                                                        Civil Division

                                                        JAMES G. TOUHEY, Jr.
                                                        Director, Torts Branch


                                                        /s/ Gessesse Teferi
                                                        GESSESSE TEFERI, MD19234
                                                        VIRGINIA ELLIOTT, NY Bar # 4655866

                                                        Trial Attorneys
                                                        United States Department of Justice

Civil Division, Torts Branch
P.O. Box 888
Washington, D.C. 20044-0888
gessesse.teferi@usdoj.gov
Tel.: (202) 307-2098