UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>WILLIAM P. BARR, et al.<br><br>*Defendants*. | Case No. 1:20-cv-01469-DLF<br><br>(consolidated with:<br>No. 1:20-cv-1542-DLF) |

**PLAINTIFFS' OBJECTION TO WESTFALL ACT CERTIFICATION**

On April 19, 2024, the United States filed a certification under 28 U.S.C. § 2679(d) seeking to have itself substituted for twelve of its officers, and those officers dismissed, as to Claims 13 and 14 asserted by Plaintiff Black Lives Matter D.C. (BLMDC) in the Fourth Amended Complaint. ECF 219.

Plaintiff BLMDC hereby objects to the certification as legally impermissible under 28 U.S.C. § 2679(b)(2)(A).

That provision qualifies the statutory command of § 2679(b)(1) making the Federal Tort Claims Act the exclusive remedy for tortious conduct of government employees acting with the scope of their employment. Specifically, under § 2679(b)(2)(A), the exclusive-remedy provision "does not extend or apply to a civil action against an employee of the Government [] which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). Plaintiff's Claims 13 and 14 in the Fourth Amended Complaint, ECF 213, against the individual federal officers William P. Barr, Mark Adamchik, Cara Seiberling, Thomas LoCascio, Nicholas

Jarmuzewski, Jeffrey Hendrickson, Sean Cox, Bryan McDonald, Lawrence Sinacore, Jonathan Daniels, Luis Feliciano, and Sean Kellenberger fall within this exception.

The government's Westfall Act certification is subject to challenge. *See De Martinez v. Lamagno*, 515 U.S. 417, 429 (1995) (rejecting the view that "Congress . . . assigned to the federal court only rubber-stamp work" when the government has made a Westfall Act certification); *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) ("A plaintiff may contest the Attorney General's scope-of-employment certification before a district court."). Thus, "[a]lthough a Westfall Act certification is conclusive for the purposes of removal, such a certification is not necessarily conclusive as to the substitution of the federal government as the defendant." *Taylor v. Clark*, 821 F. Supp. 2d 370, 373 (D.D.C. 2011) (citation omitted).

Although objections to certification more commonly take issue with the factual contention that the employees in question were acting within the scope of their employment, there are legal reasons the certification might be invalid as well. For instance, certification would not be effective as to "*Bivens* claims against individual federal officials," *Harbury v. Hayden*, 522 F.3d 413, 418 n.2 (D.C. Cir. 2008) (Kavanaugh, J.). This is so because the carve-out from the exclusive-remedy provision, 28 U.S.C. § 2679(b)(2)(A), encompasses a *Bivens* claim, which constitutes "a civil action against an employee of the Government [] which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). *See Hui v. Castaneda*, 559 U.S. 799, 807 (2010).

Similar reasons undergird Plaintiff BLMDC's objection to certification here: as with *Bivens* claims—which Plaintiffs no longer pursue here in light of the decision in *Buchanan v. Barr*, 71 F.4th 1003 (D.C. Cir. 2023)—Plaintiff's D.C.-law claims under the First Amendment Assemblies Act are "brought for a violation of the Constitution of the United States." 28 U.S.C.

§ 2679(b)(2)(A). *See* ECF 191 (Pls.' Motion For Leave To File A Fourth Amended Complaint), at 13, 24-25 (explaining how the D.C. First Amendment Assemblies Act effectively codifies the First Amendment's prohibition against viewpoint discrimination). As Judge Walker persuasively explained in his concurrence in the D.C. Circuit decision in this case, the carve-out at 28 U.S.C. § 2679(b)(2)(A) preserves local-law as well as *Bivens* claims "brought for a violation of the Constitution of the United States." *See Buchanan*, 71 F.4th at 1016 (Walker, J., concurring).

Given the significance of this question to establishing the contours of this action going forward, Plaintiffs request that the Court set a briefing schedule to consider this issue of first impression. Plaintiffs' proposal regarding timing for such a schedule will be contained within the forthcoming Joint Status Report.

Dated: April 20, 2024

Respectfully submitted,

/s/ Scott Michelman

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF
COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
smichelman@acludc.org

*Counsel for Plaintiffs*