UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM P. BARR, *et al.*, <br><br> Defendants. | No. 20-01469 (DLF) LEAD <br><br> No. 20-01542 (DLF) (Consolidated) |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated March 28, 2024, the parties submit this joint status report proposing a briefing schedule for any remaining pre-discovery motions.

A.   Plaintiffs' Position

A threshold question has arisen about which defendants are properly part of the *Black Lives Matter D.C.* (*BLMDC*) case. Yesterday, the United States filed a certification under 28 U.S.C. § 2679(d) seeking to have itself substituted for twelve of its officers, and those officers dismissed, as to Claims 13 and 14 asserted by Plaintiff BLMDC in the Fourth Amended Complaint. ECF 219. Today, Plaintiff BLMDC filed an objection to the certification as legally impermissible under 28 U.S.C. § 2679(b)(2)(A) and requested a briefing schedule on that issue. ECF 220.

Plaintiffs urge that the Court resolve this issue first, as it will affect which defendants are in the case and how many motions to dismiss will be filed. In order to keep the case moving forward, Plaintiffs propose the following schedule: Plaintiff BLMDC should file by May 6, 2024, its motion to reject the government's certification. Any oppositions should be filed by May 20, and any reply should be filed by May 27. (In response to the United States' suggestion that a reply is inappropriate, Plaintiffs note that the certification question in this case raises an issue of first

impression on which additional briefing would be beneficial. Additionally, the styling of Plaintiff's filing today as an "Objection" to certification does not have anything to do with Rule 72, which is about objections to recommendations by magistrates—a context far removed from this one.)

Plaintiffs further propose that, as soon as this Court rules on that motion, any motions to dismiss and the *BLMDC* plaintiffs' motion for class certification be filed within 45 days of the Court's order; oppositions to these motions be filed within 45 days after the deadline for motions to dismiss and motion for class certification; and replies in support of the motions be filed within 21 days after the deadline for opposition. This comports with the government's request that it not file its motion to dismiss earlier than July 2, 2024.[1]

Plaintiffs oppose permitting the D.C. and Arlington Defendants to delay their answers until after resolution of the motions to dismiss. Plaintiffs propose that these Defendants be granted 60 days to answer, by June 19, 2024. The claims they must now answer have been in the case for nearly three years, since this Court's June 2021 ruling on their motions to dismiss. No claims have been added against these Defendants since. Accordingly, law of the case principles and Rule 12's waiver provision, *see* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."), would preclude any effort to relitigate via motion to dismiss any arguments previously rejected by this Court or that were "available to the party but omitted from its earlier motion." There is no reason that, having had years to consider how to answer the claims that survived their original motions to

---

[1] Pursuant to Fed. R. Civ. P. 5(b)(2)(C), the *Buchanan* Plaintiffs completed service on the United States on April 9, 2024 when Plaintiffs dropped the Second Amended Complaint in the mail via United States Certified First Class Mail. *See also* Dkt. 215. The *Black Lives Matter D.C.* Plaintiffs completed service on the United States on April 17, 2024, by mail and electronic transmission, and are awaiting confirmation of delivery to file the proof of service.

dismiss and persist today unchanged, the D.C. or Arlington Defendants should need many additional months to answer now. Plaintiffs' proposed schedule is more than reasonable. Sixty days is plenty.

B.     The United States' Position

Summonses have been issued in both the consolidated cases directing the United States to serve its answers or otherwise respond to the operative amended complaints within 60 days of service. *See also* Fed. R. Civ. P. 12(a)(2).[2]  The United States intends to file motions to dismiss in both *BLMDC* and *Buchanan*.  The United States agrees with Plaintiffs that the Court should resolve Plaintiffs' proposed objection to the United States' substitutions pursuant to the Westfall Act, 28 U.S.C. § 2679(d), in *BLMDC* before addressing the motions to dismiss.  The United States proposes that Plaintiffs' objection to the certification be filed on May 15, 2024, and the United States' opposition be due on June 10, 2024.  It is the United States' position that no reply is necessary as plaintiffs have filed an objection rather than a motion. *Cf.* Fed. R. Civ. P. 72.

In addition, consistent with Plaintiffs' position discussed above, the United States proposes that its motions to dismiss in both matters be due 45 days after the Court rules on Plaintiffs' proposed objection to the United States' substitution.  With regard to the United States' reply in support of the United States' motion to dismiss, counsel for the United States requests that the United States file a reply within 30 days after the plaintiffs file their response to the motion to dismiss.

---

[2] Proofs of service of the summonses and the Second Amended Complaint in *Buchanan* have been filed asserting that service on the United States Attorney has already been accomplished, pursuant to which the United States' deadline to respond to the Second Amended Complaint would be June 17, 2024.

Consistent with the District Defendants' proposal, the United States requests 60 days to file its response to plaintiffs' motion for class certification. The United States also requests that the responses and replies on the motions to dismiss and motion for class certification follow the same schedule.

C.     District Defendants' Position

Defendants District of Columbia, Anthony Alioto, James Buchanan, Jeffery Carroll, Peter Newsham, Timothy Hargrove, Christopher Meyer, Clifton Murphy, Tiffany Payne, Justin Taylor, Daniel Thau, and Anthony Willis (District Defendants) do not presently intend to file a motion to dismiss in either Black Lives Matter DC or Buchanan, but request that their deadline to do so be set at the same time as the deadline for the other Defendants; as proposed by Plaintiffs the deadline would be 45 days following a ruling on the forthcoming briefing regarding the United States's 28 U.S.C. § 2679(d) certification.[3] Further, the District Defendants request that, in the event they do not file a motion to dismiss, that the deadline for their Answer to the amended complaints in these consolidated cases be extended until the resolution of all Defendants' motions to dismiss, according to the time set by Federal Rule of Civil Procedure 12(a)(4)(A). The District Defendants submit that this deadline for their Answer would not unduly delay the case because the United States has indicated that it will be moving to dismiss and its answer will therefore be delayed until the resolution of those motions. The District Defendants' proposal simply ensures that the

---

[3] The District Defendants observe that Rule 12(h) plainly indicates that Rule 12(b)(1) and (6) defenses are not waived under Rule 12(g)(2), *see Fotobom Media, Inc. v. Google LLC*, No. 22-cv-00712-APM, 2024 WL 1603968, at *8 (D.D.C. Feb. 27, 2024), and that the law of the case doctrine, firstly, is "not a binding rule," and secondly has clearly-recognized exceptions which may apply, *see Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 697–98 (D.C. Cir. 2022). In any case, if Plaintiffs believe that the District Defendants are precluded from any particular grounds to move to dismiss the claims against them, they can argue as such in their opposition, if necessary.

pleadings will close at a synchronized time, once it is fully ascertained which Defendants are properly in this case. Finally, the District Defendants request that their opposition to any motion for class certification be set at 60 days after Plaintiffs' motion is filed; the District Defendants do not oppose Plaintiffs' proposal for the deadline for their motion being set at 45 days following a ruling on Plaintiffs' objection to the United States's 28 U.S.C. § 2679(d) certification.

D.   Arlington County Defendants' Position

Defendants Wayne Vincent, Ryan Black, and Ryan Allen ("County Defendants") do not intend to file a motion to dismiss in the *Buchanan* action and are not currently defendants in the *Black Lives Matter DC* action. The County Defendants are agreeable to filing their answer by June 19, 2024.

April 20, 2024

Respectfully submitted,

 */s/* Scott Michelman
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
Michael Perloff (D.C. Bar No. 1601047)
AMERICAN CIVIL LIBERTIES UNION FOUND.
OF THE DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: 202.601.4267
smichelman@acludc.org

Kaitlin Banner (D.C. Bar No. 1000436)
Dennis Corkery (D.C. Bar No. 1016991)
WASHINGTON LAWYERS' COMM. FOR CIVIL
RIGHTS AND URBAN AFFAIRS
700 14th Street NW, Suite 400
Washington, D.C. 20005
Tel.: 202.319.1000
kaitlin_banner@washlaw.org


Arthur Ago (D.C. Bar No. 463681)

 */s/* Orin Snyder
Orin Snyder (*pro hac vice*)
Anne Champion (*pro hac vice*)
Katherine Marquart (*pro hac vice*)
Lee R. Crain (*pro hac vice*)
Nadia Alhadi (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel: 212.351.4000
OSnyder@gibsondunn.com
AChampion@gibsondunn.com
KMarquart@gibsondunn.com
LCrain@gibsondunn.com
NAlhadi@gibsondunn.com

Greta B. Williams (D.C. Bar No. 1006968)
Amalia Reiss (D.C. Bar No. 241775)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: 202.955.8500

David Brody (D.C. Bar No. 1021476)
Arusha Gordon (D.C. Bar No. 1035129)
LAWYERS' COMM. FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
Tel.: 202.662.8600
jgreenbaum@lawyerscommittee.org

John A. Freedman (D.C. Bar No. 453075)
David E. Kouba (D.C. Bar No. 483145)
Sonia Tabriz (D.C. Bar No. 1025020)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, D.C. 20004
Tel.: 202.942.5000
John.Freedman@arnoldporter.com

*Counsel for Plaintiffs in Black Lives Matter D.C. v. Trump*, No. 1:20-cv-01469

GBWilliams@gibsondunn.com
AReiss@gibsondunn.com

*Counsel for Plaintiffs Radiya Buchanan, Ann Dagrin, and Lindsay Field*, No. 1:20-cv-01542

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

/s/ *Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Brendan Heath*
RICHARD P. SOBIECKI [500163]
BRENDAN HEATH [1619960]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
(202) 442-9880
(202) 769-6157 (cell)

        brendan.heath@dc.gov

        *Counsel for the District Defendants*

        WAYNE VINCENT, RYAN BLACK, AND RYAN ALLEN

        By Counsel

MINHCHAU N. CORR, County Attorney
Virginia Bar No. 78877

 By:   /s/
Ryan Samuel, Deputy County Attorney
D.C. Bar No. 1614909
Arlington County Attorney's Office
2100 Clarendon Boulevard, #403
Arlington, Virginia, 22201
703-228-3100
703-228-7106 (fax)
mcorr@arlingtonva.us
rsamuel@arlingtonva.us
**Counsel for Defendants Vincent, Black, and Allen**

        BRIAN M. BOYNTON
        Principal Deputy Attorney General
        Civil Division

        MATTHEW M. GRAVES
        United States Attorney

        JAMES G. TOUHEY, JR.
        Director, Torts Branch

        SABRINA UNDERWOOD
        Assistant Director, Torts Branch

        s/ Virginia J. Elliott
        VIRGINIA J. ELLIOTT
        NY Bar # 4655866

                Trial Attorney
                U.S. Department of Justice
                Civil Division, Torts Branch
                P.O. Box 888
                Washington, D.C. 20044-0888
                Tel:   (202) 598-5831
                Fax:  (202) 616-5200
                Virginia.J.Elliott@usdoj.gov

                *Counsel for Defendant United States of America*