UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACK LIVES MATTER D.C., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR, *et al.*,<br><br>Defendants. | Case No. 20-01469 (DLF) |

**REPLY IN SUPPORT OF DEFENDANT UNITED STATES' MOTION TO DISMISS**

Defendant United States of America, by and through its undersigned counsel, hereby submits this Reply in Support of its Motion to Dismiss ("Motion"). *See* ECF No. 239.

**INTRODUCTION**

Defendant United States' Motion demonstrated that this suit must be dismissed because the Court lacks subject matter jurisdiction over the claims asserted against the United States and because Plaintiffs have failed to state plausible claims for relief.[1] Specifically, the United States established that: (1) Plaintiff BLMDC failed to exhaust its administrative remedies; (2) the individual plaintiffs' factual allegations in the Fourth Amended Complaint ("FAC") are insufficient to place their claims within the Federal Tort Claim Act's ("FTCA") limited waiver of sovereign immunity for claims of assault and battery; and (3) even if sovereign immunity has been waived, the individual plaintiffs have failed to plead legally sufficient claims for assault and

---

[1] While a plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) does not usually deprive a federal court of subject matter jurisdiction, "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Brownback v. King*, 141 S. Ct. 740, 749 (2021). Thus, if a plaintiff fails to plausibly allege the elements of an FTCA claim under 28 U.S.C. § 1346(b)(1), it constitutes both a failure to state a claim under Rule 12(b)(6) and deprives the court of subject matter jurisdiction over the claim. *Id.*

1

battery under District of Columbia law.  In their Opposition, Plaintiffs fail to refute that those defects require dismissal of their claims.  Accordingly, the Court should dismiss Plaintiffs' claims pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **ARGUMENT**

### I. Plaintiff BLMDC Did Not Exhaust Its Administrative Remedies Under the FTCA.

In its Motion, the United States demonstrated that Plaintiff BLMDC failed to plead exhaustion of its administrative remedies under the FTCA.  *See* ECF No. 239-1.  In the Opposition, Plaintiff BLMDC accepts that it was required to exhaust administrative remedies and that it did not in fact do so.  *See* ECF No. 245 at 17-18.[2]  Instead, Plaintiff BLMDC contends that any dismissal of its claims should be "without prejudice" "so that BLMDC can avail itself of the procedure at § 2679(d)(5)" – sometimes referred to as the Westfall Act's "savings clause." *See id*. at 18.

Because the dismissal of Plaintiff BLMDC's claims would be based on its failure to exhaust the FTCA's administrative remedies before asserting those claims in this litigation, the United States agrees that the dismissal of Plaintiff BLMDC's claims should be "without prejudice."  *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997); *Norton v. United States*, 530 F. Supp. 3d 1, 6 (D.D.C. 2021).  The United States disagrees, however, that the issue of whether Plaintiff BLMDC can avail itself of the Westfall Act's savings clause should be decided at this juncture.  The failure to comply with the exhaustion requirement means the Court lacks jurisdiction under the FTCA, and thus ruling on the applicability of the savings clause at this stage would amount to making a merits determination as to whether Plaintiff BLMDC's claims are time-barred by the running of the FTCA's two-year limitations period.  *See Simpkins*,

---

[2] Unless otherwise stated, all citations herein reference the ECF page numbers of the documents being cited.

108 F.3d at 371 (district court erred by deciding plaintiff's claims on merits after determining that he had failed to exhaust FTCA's administrative remedies before bringing suit); *Williams v. United States*, Civil Action No. 17-783 (JEB), 2017 WL 11493266 (D.D.C. Nov. 1, 2017) ("The FTCA statute of limitations is non-jurisdictional; time-barred FTCA claims, therefore, are dismissed for failure to state a claim, rather than for lack of subject-matter jurisdiction.") (citing *United States v. Wong*, 575 U.S. 402, 420 (2015)).

Accordingly, as demonstrated in the United States' Motion and for the reasons stated herein, Plaintiff BLMDC's claims should be dismissed without prejudice for lack of subject matter jurisdiction.

## II. The individual plaintiffs have failed to plead torts that fall within either the FTCA's basic waiver of sovereign immunity or its "law enforcement proviso."

In their Opposition, the individual plaintiffs argue that they adequately alleged in the FAC that their claims of assault and battery are within both the FTCA's basic waiver of immunity, 28 U.S.C. § 1346(b), and its so-called "law enforcement proviso," *id.* § 2680(h); ECF No. 246 at 34-37.  That argument is incorrect.

As the United States demonstrated in its Motion, ECF No. 239-1, and Plaintiffs fail to refute in their Opposition, the individual plaintiffs have not alleged facts that, if true, would demonstrate that these specific plaintiffs' alleged harms were caused by the actions of *federal* law enforcement officers.  See *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (subject to certain exceptions, FTCA waives sovereign immunity of United States for torts committed by federal employees within scope of their employment) (citing § 1346(b)); *Talignani v. United States*, 26 F.4th 379, 381 (7th Cir. 2022) ("To establish a claim under the [FTCA], the plaintiff must show, among other things, that his injury was caused by an 'employee of the Government.'") (citing *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)); *Means v. United States*, 176

3

F.3d 1376, 1379 (11th Cir. 1999) ("The alleged tortfeasor's status as an 'employee of the government' is the *sine qua non* of liability under the FTCA.") (citing *Sheridan v. United States*, 487 U.S. 392, 400-401 (1988) ("the 'basic waiver' of immunity under the FTCA covers only torts committed by government employees acting within the scope of their employment.")).

While Plaintiffs' Opposition points to allegations in the FAC regarding federal law enforcement's treatment of the crowd in Lafayette Square *generally*, it does not refute the United States' argument in its Motion that the FAC lacks the necessary specificity to adequately allege that *these particular plaintiffs* were harmed at the hands of federal law enforcement officers. At most, the individual plaintiffs allege in conclusory fashion that they were all "assaulted" or "attacked" as a result of U.S. Park Police conduct, which is insufficiently detailed to establish that their particular alleged injuries arose from the conduct of federal law enforcement officers.

Further, Plaintiffs' Opposition emphasizes that "local officers from Arlington County, Virginia" – who are not federal law enforcement officers – were involved in clearing Lafayette Square on June 1, 2020. *See* Pl. Opp., ECF No. 245 at 2; *see also id*. at 6 (identifying FAC allegations that U.S. Park Police, U.S. Secret Service, D.C. National Guard, Federal Bureau of Prisons and *Arlington County Police Department* were in the Square); *id*. at 8 ("Law enforcement officers from *local* and federal law enforcement agencies and the military. . . . The involved law enforcement agencies included, at least, U.S. Park Police, *Arlington County Police Department*, U.S. Secret Service, D.C. National Guard, and Federal Bureau of Prisons"). Plaintiffs' contention that the concerted actions of Arlington County officers and federal law enforcement officers can suffice to place their claims within § 2680(h) is unavailing. *See* ECF No. 245 at 7-8. Without any plausible allegations that the independent actions of an Arlington County Police Department officer and a federal law enforcement officer "combined to cause a

single injury" to these specific plaintiffs, *District of Columbia v. Washington Hospital Center*, 722 A.2d 332, 337 (D.C. 1998), Plaintiffs cannot rely on a joint tortfeasor theory to place their claims within the FTCA's waiver of sovereign immunity through the law enforcement proviso.

Plaintiffs' Opposition points to the allegations in the FAC that Plaintiff Scanlan was "hit with rubber bullets and felt sudden pain in her face, arm, and leg" and that she had difficulty breathing from gas canisters that were thrown at her.  ECF No. 245 at 14.  It further recounts that Plaintiff Poteet has alleged that an officer pushed her to the ground and struck her on the stomach and knee, and that the two Foley Plaintiffs felt the effects of chemical irritants.[3]  *Id.*  But Plaintiffs have not set forth facts that, if true, demonstrate that the officers who allegedly committed these acts were officers within § 2680(h).  As the United States has demonstrated, both here and in its initial moving papers, with those allegations and the others in the FAC, the individual plaintiffs have not borne their burden of pleading sufficient facts that they experienced injuries arising from assaults or batteries committed by *federal* law enforcement officers.

In sum, the individual plaintiffs have not sufficiently pled facts in the FAC that, if true, establish that their intentional tort claims arise out of acts or omissions of federal law enforcement officers.  Accordingly, the individual plaintiffs' claims must be dismissed.

### III.   The individual plaintiffs have failed to state claims for assault and battery under District of Columbia law.

Plaintiffs recount in their Opposition their allegations in the FAC that federal officers at various times intended to cause harmful or offensive contact to other protestors, without specific allegations of federal law enforcement officers' intent to cause an imminent apprehension of

---

[3] Plaintiffs Dustin and Eden Foley specifically allege that MPD Officers *not* federal law enforcement officers utilized the tear gas which resulted in their injuries.  *See* FAC (ECF No. 213 at ¶¶ 143-56).

5

harm to *these Plaintiffs*.  As demonstrated in the United States' motion, the allegations are insufficient to plead a claim for assault under District of Columbia law.

"To constitute the tort of assault, the apprehension must be one which would normally be aroused in the mind of a reasonable person and apparent ability and opportunity to carry out the threat immediately must be present." *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F. Supp 523, 529 (D.D.C. 1981).  Plaintiffs Dustin and Eden Foley allege that when they returned to the edge of the protest area to retrieve their personal belongings, they saw officers moving towards other protestors before allegedly assaulting them.  *See* FAC (ECF No. 213) at ¶¶ 138-140.  They further claim that they heard flash bang grenades and saw protestors running away.  *Id*. ¶ 141.  Further, Plaintiff Poteet claims she "felt the crowd begin to rush" and then saw and heard flash bang grenades and the throwing of tear gas canisters.  They do not allege, however, that federal law enforcement officers *intended* to cause an imminent apprehension of harm to *these individual plaintiffs*.

Nor can the Individual plaintiffs' assault claims be saved under the theory of transferred intent.  *See* Pl. Opp. (ECF No. 246) at 38.  "'Transferred intent' is the principle that one who intends to injure one person and instead injures a bystander is liable for an intentional tort against the injured person." *Collier v. District of Columbia*, 46 F. Supp. 3d 6, 16 n.6 (D.D.C. 2014).  However, the FAC does not allege that federal law enforcement officers mistakenly struck these specific Plaintiffs while those officers allegedly targeted another protestor.  Although Plaintiffs allege that they saw federal law enforcement officers attacking other protestors, the FAC lacks factual allegations that such an action directed against some unidentified protestor caused these Plaintiffs to have a reasonable apprehension that they were about to be contacted by a federal law enforcement action.  Nor does the FAC create an inference that those federal officers acted

6

against other protestors with the intent to cause harm to these specific Plaintiffs. The FAC does not allege that federal law enforcement officers mistakenly struck these specific plaintiffs while the officers allegedly struck another protestor. Accordingly, the FAC is insufficient as a matter of D.C. law to state a claim for assault.

The individual plaintiffs' claims for battery fares no better. The FAC plainly alleges that MPD officers – *not* federal law enforcement officers – fired the tear gas that allegedly caused Plaintiffs Dustin and Eden Foley's injuries. *See* ECF No. 213 at ¶¶ 85, 95, 98, 147-53. Moreover, the Opposition recounts the allegations from the FAC that, for example, Plaintiff Scallan was hit by rubber bullets, *see id*. at 117, while Plaintiff Poteet alleges that an unidentified officer struck her. *See id*. ¶ 127. Those contentions are insufficient as a matter of law because they fail to allege facts that, if true, a *federal* law enforcement officer acted with the requisite intent to cause harmful or offensive contact.

## CONCLUSION

For the foregoing reasons, and those demonstrated in the United States' motion to dismiss, the United States respectfully requests that this Court dismiss Plaintiffs' claims against the United States pursuant to Rule 12(b)(1) and Rule 12(b)(6).

Dated: November 8, 2024

                                                                     Respectfully submitted,

                                                                     BRIAN M. BOYNTON
                                                                     Principal Deputy Assistant Attorney General
                                                                     Civil Division

                                                                     JAMES G. TOUHEY, Jr.
                                                                     Director, Torts Branch

Debra R. Coletti
Assistant Director, Torts Branch


s/ Virginia J. Elliott
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Washington, D.C. 20044-0888
virginia.j.elliott@usdoj.gov
Tel.: (202) 598-5831
*Counsel for United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2024, the foregoing was electronically filed with the clerk of the court by using CM/ECF system which will send a notice of electronic filing to:

Scott Michelman
Arthur B. Spitzer
Michael Perloff
Joy Holden
AMERICAN CIVIL LIBERTIES UNION

Kaitlin Banner
Dennis Corkery
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS

David Brody
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER THE LAW

John A. Freedman
David E. Kouba
Sonia Tabriz
ARNOLD & PORTER KAYE SCHOLER LLP

*Attorneys for Plaintiffs*

/s/ Virginia J. Elliott_____
Trial Attorney
*Counsel for the United States*