## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RADIYA BUCHANAN**, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 1:20-cv-01469-DLF** |
| **DISTRICT OF COLUMBIA**, *et al.*, | **(consolidated with Case No. 1:20-cv-01542)** |
| **Defendants.** | |

### DEFENDANTS' ANSWER AND DEFENSES TO
### PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants District of Columbia (the District) and Jeffery Carroll, Anthony Alioto, Jeffery Buchanan, Timothy Hargrove, Christopher Meyer, Clifton Murphy, Tiffany Payne, Justin Taylor, Daniel Thau, and Anthony Willis (Individual Defendants) answer Plaintiffs' Second Amended Complaint [208] (the Complaint) as follows. For purposes of this answer, the District and the Individual Defendants are referred to collectively as "Defendants."

### DEFENSES

Defendants assert and preserve the defenses listed below based on information currently available, reserving the right to withdraw these defenses or assert additional defenses as information becomes available.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to allege facts to establish municipal liability under 42 U.S.C. § 1983.

**THIRD DEFENSE**

Defendants, including the District, its agents, and employees, acting within the course and scope of their employment acted at all times consistently with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

**FOURTH DEFENSE**

Defendants, including the District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward Plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

**FIFTH DEFENSE**

Attorney's fees and costs are not recoverable against Defendants in this case.

**SIXTH DEFENSE**

Defendants, including the District, its agents, servants, and employees, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**SEVENTH DEFENSE**

The doctrines of estoppel, unclean hands, and illegality may equitably bar Plaintiffs from seeking the relief sought in the Complaint.

**EIGHTH DEFENSE**

The Complaint should be dismissed, in whole or in part, because the equitable and declaratory relief requested by Plaintiffs exceeds the scope of their claims. In the alternative, Plaintiffs are not entitled to any relief from this Court because of their own actions or inactions.

## NINTH DEFENSE

Defendants deny all allegations of wrongdoing including, but not limited to, any alleged violations of constitutional, statutory, and common law, and further deny that Plaintiffs are entitled to any relief.

## TENTH DEFENSE

Plaintiffs have not suffered any monetary or financial loss for which they can assert a claim for compensatory or other damages. Alternatively, Plaintiffs failed to mitigate their alleged damages.

## ELEVENTH DEFENSE

If Plaintiffs were injured or damaged as alleged in the Complaint, such injuries or damages foreseeably resulted from Plaintiffs' own intentional, illegal, or otherwise wrongful conduct, Plaintiffs' own physical or mental condition, Plaintiffs' sole or contributory negligence or assumption of the risk, or the conduct of a person or entity other than Defendants.

## TWELFTH DEFENSE

At all times relevant to the Complaint, the Individual Defendants acted reasonably in accordance with clearly established statutory or constitutional rights of which a reasonable person would have known; therefore, the Individual Defendants are entitled to qualified immunity from suit as to Plaintiffs' claims under 42 U.S.C. § 1983.

\* \* \*

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendants respond to the individually-numbered paragraphs of Plaintiffs' Complaint below. To the extent any allegation in the Complaint is not specifically admitted, Defendants deny it. Further, references by Defendants to materials cited in the Complaint are not to be construed as

admissions that the materials are correctly cited, quoted, or characterized by Plaintiffs; or that the materials are admissible or relevant to this action.  Except where expressly stated otherwise below, Defendants deny Plaintiffs' characterizations of the referenced materials and preserve all objections as to relevance and admissibility.

## SECOND AMENDED COMPLAINT[*]

1.      This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

2.      Defendants admit that prior to 7 p.m. on June 1, 2020, individuals lawfully gathered in Lafayette Park.  Defendants lack sufficient information to admit or deny why individuals had gathered in Lafayette Park or what actions those individuals may have engaged in while at Lafayette Park.

3.      Defendants admit that Lafayette Park is located in close proximity to the White House and that Lafayette Park is a location where individuals regularly protest.  The remaining allegations in this paragraph contain factual characterizations and conclusions.  To the extent a response is required, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

4.      Defendants deny that all protest activity on June 1, 2020, was peaceful and deny that the Individual Defendants or MPD surrounded protestors in Lafayette Park.  Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

---

[*]      The headings and subheadings included below correspond to the headings in the Complaint and are provided to assist the Court in reviewing the Answer.  All allegations in the headings—express or implied—are denied.

5.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

6.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

7.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

8.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

9.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

10.     This paragraph consists of legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

11.     This paragraph consists of legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

**PARTIES**

12.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

13.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

14.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

15.    Defendants admit that Donald J. Trump was the 45th President of the United States.

16.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

17.    Defendants admit that Anthony Alioto was a member of MPD on June 1, 2020.

18.    Defendants admit that Jeffery Buchanan was a member of MPD on June 1, 2020, and had a badge number of 4790.

19.    Defendants admit that Jeffery Carroll was an Assistant Chief of the D.C. Metropolitan Police Department (MPD) who oversaw MPD's Homeland Security Bureau on June 1, 2020.

20.    Defendants admit that Timothy Hargrove was a member of MPD on June 1, 2020, and had a badge number of 3176.

21.    Defendants admit that Christopher Meyer was a member of MPD on June 1, 2020, and had a badge number of 4895.

22.    Defendants admit that Clifton Murphy was a member of MPD on June 1, 2020, and had a badge number of S800.

23.    Defendants admit that Tiffany Payne was a member of MPD on June 1, 2020, and had a badge number of 5751.

24.    Defendants admit that Justin Taylor was a member of MPD on June 1, 2020, and had a badge number of 5705.

25.    Defendants admit that Daniel Thau was a member of MPD on June 1, 2020, and had a badge number of S580.

26.    Defendants admit that Anthony Alioto was a member of MPD on June 1, 2020.

27.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

28.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

29.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

30.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

31.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

32.    Defendants deny that any MPD member authorized, planned, or participated in a violent attack on Plaintiffs or protestors in Lafayette Park on June 1, 2020.

## JURISDICTION AND VENUE

33.    This paragraph consists of legal conclusions.  To the extent a response is required, Defendants deny the factual allegations in this paragraph.

34.    This paragraph consists of legal conclusions.  To the extent a response is required,

Defendants deny the factual allegations in this paragraph.

35.    Defendants admit that a substantial part of the events alleged by Plaintiffs occurred in the District of Columbia.  The Individual Defendants deny that they are officers of the United States.

## ADMINSTRATIVE EXHAUSTION

36.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

37.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

38.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

39.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

## FACTS

### *Racially Motivated Killings of Black Americans Spark Peaceful National Protests*

40.    Defendants admit that George Floyd died on May 25, 2020, while in the custody of the Minneapolis Police Department, that officers of the Minneapolis Police Department were convicted of crimes relating to Mr. Floyd's death, and that protests occurred throughout the United States in the aftermath of his death.

41.    This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

42.    Defendants admit that protests occurred throughout the United States in the

aftermath of the death of George Floyd, including in the District of Columbia.  Defendants also admit that the protests that occurred in the District of Columbia were at times peaceful and at times involved riotous activity.  Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

### *The President Urges the Government to Crush These Peaceful Protests Violently.*

43.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

44.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

45.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

### *Lafayette Park: Peaceful Protests Are Met with Police Assaults on June 1, 2020.*

46.    Defendants admit that protests involving a significant number of individuals began in the District of Columbia on May 29, 2020, and continued for several days.  Defendants also admit that the protests that occurred in the District of Columbia were at times peaceful and at times involved riotous activity, including the setting of a fire at St. John's Episcopal Church. Defendants further admit that, in response to the riotous activity, Mayor Muriel Bowser implemented a city-wide curfew beginning at 11 p.m. on May 31, 2020, and a city-wide curfew beginning at 7 p.m. on June 1, 2020.

47.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

48.    Defendants admit that Lafayette Park is located directly to the north of the White House and that individuals gathered near Lafayette Park to protest on June 1, 2020.  Defendants

lack sufficient information to admit or deny the factual allegations in this paragraph.  Defendants state that the caselaw cited in paragraph 48 is the best evidence of its contents and deny all other characterizations.  Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

49.    Defendants admit that a large crowd had gathered in Lafayette Park by 6 p.m. on June 1, 2020, to engage in protest activity.  Defendants deny that all individuals who were present near Lafayette Park were peaceful.  Defendants lack sufficient information to admit or deny whether Plaintiffs were present near Lafayette Park on June 1, 2020, or whether individuals were dancing and singing.

50.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

51.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

52.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

53.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

54.    Defendants admit that in response to an individual throwing an explosive device at MPD members who were positioned near the intersection of 17th and H Streets, NW, MPD deployed less lethal munitions at approximately 6:44 p.m. on June 1, 2020.  The Individual

Defendants deny that they "cleared" protestors from Lafayette Park. Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

55.     Defendants admit that in response to an individual throwing an explosive device at MPD members who were positioned near the intersection of 17th and H Streets, NW, MPD deployed less lethal munitions at approximately 6:44 p.m. on June 1, 2020. Defendants deny the remaining allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD. Otherwise, Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

### *Trump Poses for Photo Opportunity at St. John's Episcopal Church.*

56.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD. Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

57.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

58.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

59.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

60.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD. Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

61.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

*These Unlawful Acts Harmed Plaintiffs and Many Others*

**Plaintiff Radiya Buchanan**

62.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

63.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

64.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

65.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

66.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

67.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

68.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

69.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

70.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

71.    Defendants lack sufficient information to admit or deny the factual allegations in

this paragraph.

72.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

73.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

**Plaintiff Ann Dagrin**

74.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

75.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

76.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

77.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

78.    Defendants admit that in response to an individual throwing an explosive device at MPD members who were positioned near the intersection of 17th and H Streets, NW, MPD deployed less lethal munitions at approximately 6:44 p.m. on June 1, 2020.  Defendants deny the remaining allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

79.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

80.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

81.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

82.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.  Defendants state that the testimony cited in paragraph 82 is the best evidence of its contents and deny all other characterizations.

83.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

**Plaintiff Lindsay Field**

84.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

85.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

86.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

87.     Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

88.     Defendants deny the allegations in this paragraph to the extent the allegations are

intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

89.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

90.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

91.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

92.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

93.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

94.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

95.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

96.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

97.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

### *The Trump Administration's Cover-Up and Shifting Justifications Begin.*

98.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

99.    Defendants admit that Mayor Muriel Bowser posted the quoted tweet and state that the tweet is the best evidence of its contents and deny all other characterizations. Defendants deny that MPD did not enforce the city-wide curfew in effect on June 1, 2020. Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

100.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

101.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

102.    Defendants admit that MPD members were located near the intersection of 17th and H Streets, NW, prior to 7 p.m., on June 1, 2020, solely for the purpose of enforcing the city-wide curfew set to go into effect at 7 p.m.  Defendants admit that Chief Newsham made the quoted statement and state that his statement is the best evidence of its contents and deny all other characterizations.  Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

103.    Defendants deny the allegations in this paragraph to the extent the allegations are

13

intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

104.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

105.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

106.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

### *Defendants Mislead the Public About the Scope of the Violence Undertaken.*

107.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

108.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

109.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

### *Defendants Close Lafayette Park—A Traditional Public Forum*

110.    Defendants admit that, on June 26, 2020, MPD reported that arrests for curfew violations, riot-related burglary, and other riot-related events consisted of 29 arrests on June 2, 0

arrests on June 3, 0 arrests on June 4, and 1 arrest on June 5, 6, and 7, respectively.  Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

111.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

### *Americans Across the Political Spectrum Are Outraged Over the Attack of Unarmed Peaceful Protestors.*

112.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

113.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

114.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

115.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

116.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

117.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient

information to admit or deny the factual allegations in this paragraph.

118.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

119.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

120.    Defendants deny the allegations in this paragraph to the extent the allegations are intended to include the Individual Defendants or MPD.  Otherwise, Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

121.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

### *Congress and Federal Agencies Launch Investigation of Excessive Use of Force against Protestors at Lafayette Park on June 1.*

122.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

123.    Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

124.    Defendants state that the congressional testimony referenced in paragraph 124 is the best evidence of its contents and deny all other characterizations.

### FIRST CAUSE OF ACTION
### Violation of the First Amendment (42 U.S.C. § 1983)
### (Against Defendants Carroll, Alioto, Buchanan, Hargrove, Meyer, Murphy, Payne, Taylor, Thau, Willis, Black, Allen, Vincent, John and Jane Poes 1-50, and
### John and Jane Roes 1-50)

125.    Defendants incorporate their responses to the prior paragraphs.

126.    This paragraph contains legal conclusions.  To the extent a response is required,

Defendants deny the allegations in this paragraph.

127.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

128.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

129.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

130.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

131.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

132.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

133.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

134.    Defendants deny that Plaintiffs are entitled to any relief.

135.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

### SECOND CAUSE OF ACTION
### Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401 & 2671–80 (Assault)
### (Against Defendant United States of America)

136.    This claim is not asserted against Defendants; therefore, no response is required.

137.    This claim is not asserted against Defendants; therefore, no response is required.

138.    This claim is not asserted against Defendants; therefore, no response is required.

139. This claim is not asserted against Defendants; therefore, no response is required.

140. This claim is not asserted against Defendants; therefore, no response is required.

141. This claim is not asserted against Defendants; therefore, no response is required.

142. This claim is not asserted against Defendants; therefore, no response is required.

143. This claim is not asserted against Defendants; therefore, no response is required.

### THIRD CAUSE OF ACTION
### Assault (District of Columbia Common Law)
### (Against Defendant Trump)

144. This claim is not asserted against Defendants; therefore, no response is required.

145. This claim is not asserted against Defendants; therefore, no response is required.

146. This claim is not asserted against Defendants; therefore, no response is required.

147. This claim is not asserted against Defendants; therefore, no response is required.

148. This claim is not asserted against Defendants; therefore, no response is required.

149. This claim is not asserted against Defendants; therefore, no response is required.

### FOURTH CAUSE OF ACTION
### Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401 & 2671–80 (Battery)
### (Against Defendant United States of America)

150. This claim is not asserted against Defendants; therefore, no response is required.

151. This claim is not asserted against Defendants; therefore, no response is required.

152. This claim is not asserted against Defendants; therefore, no response is required.

153. This claim is not asserted against Defendants; therefore, no response is required.

154. This claim is not asserted against Defendants; therefore, no response is required.

155. This claim is not asserted against Defendants; therefore, no response is required.

156. This claim is not asserted against Defendants; therefore, no response is required.

**FIFTH CAUSE OF ACTION**
**Battery (District of Columbia Common Law)**
**(Against Defendant Trump)**

157.    This claim is not asserted against Defendants; therefore, no response is required.

158.    This claim is not asserted against Defendants; therefore, no response is required.

159.    This claim is not asserted against Defendants; therefore, no response is required.

160.    This claim is not asserted against Defendants; therefore, no response is required.

161.    This claim is not asserted against Defendants; therefore, no response is required.

**SIXTH CAUSE OF ACTION**
**Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401 & 2671–80**
**(Intentional Infliction of Emotional Distress)**
**(Against Defendant United States of America)**

162.    This claim is not asserted against Defendants; therefore, no response is required.

163.    This claim is not asserted against Defendants; therefore, no response is required.

164.    This claim is not asserted against Defendants; therefore, no response is required.

165.    This claim is not asserted against Defendants; therefore, no response is required.

166.    This claim is not asserted against Defendants; therefore, no response is required.

167.    This claim is not asserted against Defendants; therefore, no response is required.

168.    This claim is not asserted against Defendants; therefore, no response is required.

169.    This claim is not asserted against Defendants; therefore, no response is required.

**SEVENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(District of Columbia Common Law)**
**(Against Defendant Trump)**

170.    This claim is not asserted against Defendants; therefore, no response is required.

171.    This claim is not asserted against Defendants; therefore, no response is required.

172.    This claim is not asserted against Defendants; therefore, no response is required.

19

173.    This claim is not asserted against Defendants; therefore, no response is required.

174.    This claim is not asserted against Defendants; therefore, no response is required.

## EIGHTH CAUSE OF ACTION
### D.C. First Amendment Assemblies Act (D.C. Code § 5-331.04(c))
### (Against Defendant Trump)

175.    This claim is not asserted against Defendants; therefore, no response is required.

176.    This claim is not asserted against Defendants; therefore, no response is required.

177.    This claim is not asserted against Defendants; therefore, no response is required.

178.    This claim is not asserted against Defendants; therefore, no response is required.

179.    This claim is not asserted against Defendants; therefore, no response is required.

180.    This claim is not asserted against Defendants; therefore, no response is required.

181.    This claim is not asserted against Defendants; therefore, no response is required.

182.    This claim is not asserted against Defendants; therefore, no response is required.

183.    This claim is not asserted against Defendants; therefore, no response is required.

184.    This claim is not asserted against Defendants; therefore, no response is required.

## NINTH CAUSE OF ACTION
### Negligence Per Se (District of Columbia Common Law) / D.C. First Amendment
### Assemblies Act (D.C. Code § 5-331.04(c))
### (Against Defendant Trump)

185.    This claim is not asserted against Defendants; therefore, no response is required.

186.    This claim is not asserted against Defendants; therefore, no response is required.

187.    This claim is not asserted against Defendants; therefore, no response is required.

188.    This claim is not asserted against Defendants; therefore, no response is required.

189.    This claim is not asserted against Defendants; therefore, no response is required.

190.    This claim is not asserted against Defendants; therefore, no response is required.

191.    This claim is not asserted against Defendants; therefore, no response is required.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief.

\* \* \*

## SET-OFF

The District asserts a set-off against any judgment entered against it in this action for all

funds and services provided to or on behalf of Plaintiffs by any public assistance program.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants demand a jury trial on every issue in this

action that is triable of right by a jury.

Date: May 16, 2025.                                Respectfully Submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Brendan Heath*
RICHARD P. SOBIECKI [500163]
BRENDAN HEATH [1619960]
Assistant Attorneys General
Civil Litigation Division
400 Sixth Street, N.W.
Washington, D.C. 20001
(202) 442-9880
(202) 769-6157 (cell)
brendan.heath@dc.gov

*Counsel for Defendants*